## W. T. HEFLEY v. F. HUGEN.

### Decided June 2, 1909.

**1.—Guardianship—Jurisdiction of District Court.**

In a proceeding in the County Court to have one declared non compos mentis and to appoint a guardian of his estate, his father, whose previous application to be guardian was also pending, appeared and contested the necessity of any guardian. The court appointed another as guardian, and the father, by certiorari, removed the proceedings to the District Court, seeking there the removal of the appointee and substitution of himself as guardian. Held, that the proceedings disclosed a controversy in the County Court between the two claimants to the appointment, over which the District Court had appellate jurisdiction by certiorari, and not an original proceeding by the father for such appointment in the District Court, which had no original jurisdiction.

**2.—Same—Waiver of Appeal.**

It seems that where, in a contest between A. and B. over the right to be appointed guardian, resulting in the selection of B., A. waived his right of appeal, agreeing with B. that the latter resign and C. be appointed, which was done, A. could not thereafter prosecute writ of error to revise the judgment rejecting his application and appointing A.

**3.—Guardianship—Costs.**

One who is appointed guardian on being suggested to the court as a suitable person by another who had made application for adjudging the ward a lunatic and appointing a guardian of his estate, is liable personally for costs where he contests the right of the father of the ward in a successful proceeding by the latter to secure his removal and the appointment of the father as guardian.

Error from the District Court of Milam County. Tried below before Hon. J. C. Scott.

*Moore & Moore,* for plaintiff in error.—The District Court is without original jurisdiction to appoint a guardian of the person and estate of a lunatic; and F. Hugen not being an applicant for appointment as guardian in the proceedings and cause in which plaintiff in error was appointed by the Probate Court and having appeared therein and protested against the appointment of any guardian at that time, his application for certiorari filed in the District Court was in effect an original application to the District Court for appointment as guardian, and the appointment by the District Court in such certiorari proceeding of him as guardian was the exercise by the District Court of original jurisdiction to appoint a guardian of the person and estate of a lunatic, and the judgment of the District Court is therefore void. Sec. 8, art. 5, of the Constitution (Axtell's Annotated Const., p. 140); sec. 16, art. 5, of the Constitution (Axtell's Annotated Const., p. 59); Rev. Stats., art. 2584; Rev. Stats., art. 2740; Ballard v. Wheeler, 23 Texas Civ. App., 422; Franks v. Chapman, 60 Texas, 46.

One having been duly appointed guardian by the Probate Court in a proceeding wherein no one entitled by law to the appointment was applying, can not be removed by the District Court in a proceeding originally instituted therein; and W. T. Hefley having been appointed guardian by the Probate Court at a time when no one

entitled by law to the appointment was applying, the application for certiorari filed by defendant in error in the District Court complaining of the appointment was in effect an original proceeding to remove said Hefley as guardian, and the judgment of removal by the District Court on such certiorari is utterly void. ·Rev. Stats., art. 2558; Rev. Stats., art. 1920; Ballard v. Wheeler, 23 Texas Civ. App., 422; Franks v. Chapman, 60 ·S. W., 46.

Plaintiff in error, Hefley, having been duly appointed guardian without applying therefor, ·and the application for certiorari to the District Court complaining solely of the judgment of the Probate Court, said Hefley was a party to the proceedings in the District Court in his representative capacity, and not in his individual capacity, and he could not be charged individually with the costs of court. Gaines' adm'r. v. Ann, 26 Texas, 340; 21 Cyc., 45d, and cases there cited; 21 Cyc., 49i.

*J. K. Freeman* and *W. A. Morrison,* for defendant in error.

RICE, Associate Justice.—This case is brought to this court by writ of error from the District· Court of Milam County, to revise· and correct two judgments therein rendered, the first vacating the appointment of W. T. Hefley as guardian of the person and estate of F. H. Hugen, a *non compos mentis,* and appointing F. Hugen guardian in his stead, and for costs. Second, from an adverse judgment rendered on a motion to retax costs theretofore awarded against him, the first rendered October 27, 1907, and the second June 3, 1908.

The following brief history of the case as gleaned from the record will aid us in the orderly presentation and consequent disposition of this appeal. On April 22, 1907, an information was filed in the Probate Court of said county against F. H. Hugen, charging him with being a person of unsound mind, and upon trial he was so declared. It was alleged in said information that said F. H. Hugen had recovered a judgment against the International & Great Northern Railroad Company in the sum of $15,000, and from which an appeal had been taken and the case finally determined in his favor, and that the same was now collectible; wherefore a necessity existed for the appointment of a guardian for his person and estate.. On the 29th of April thereafter the affiant in said information presented a written suggestion to the court to the effect that W. T. Hefley, Esq., was a suitable and fit person to be appointed as such guardian. It appears, however, that this application for his appointment was contested by F. Hugen, the father of said F. H. Hugen, who represented that there was no necessity for the appointment of such guardian, showing to· the court that he had a previous application pending in said court for his own appointment as such, and further alleging that said F. H. Hugen is now living with him at his home, and that no other person could or would feel as much interest or take as good care of him as he would; that said W. T.· Hefley is a stranger to said F. H. Hugen, living at Cameron, some twenty miles away, and could not as well look after and take care of said F. H. Hugen

as he would. Upon the hearing Hefley was appointed guardian and qualified as such. Thereafter said F. Hugen removed the entire proceedings by certiorari to the District Court, where he sought to vacate the appointment of said Hefley and secure his own appointment as guardian of said estate.

The case was tried at the October term, 1907, of the District Court, before a jury, resulting in a verdict for the applicant Hugen, and upon which judgment was rendered appointing him guardian of the person and estate of his said son, and also vacating and annulling the appointment of Hefley as made by the County Court; likewise adjudging the costs against said Hefley individually. Although notice of appeal was given from this judgment, none was perfected, and it appears from the motion made to dismiss this writ of error, which will be considered in connection herewith, that in December, 1907, there was an agreement between said F. Hugen and W. T. Hefley, whereby it was agreed that said Hefley would abandon his appeal, which he did, and join the said F. Hugen, the father of said *non compos mentis,* in a request to the County Court to appoint one I. N. Bradshaw guardian of said F. H. Hugen, reserving, however, his right to contest the validity of said judgment taxing costs against him. And it further appears that said County Court, acting upon the joint request of said Hefley and F. Hugen, did appoint said Bradshaw guardian of said estate, who qualified as such. Thereafter on the 3d of June, 1908, said Hefley filed his motion in the District Court of said county, asking to have said judgment for costs against him reformed and annulled, which motion was resisted by F. Hugen, and the court having heard said motion, overruled the same, so that this appeal involves the correctness of both of said judgments of the District Court.

We think it sufficiently appears from the record that there was a contest in the County Court over Hefley's appointment, made by the father, F. Hugen, and from the recitations of said judgment we must presume that the court passed on the father's right to act as guardian, which fact, of itself, would in our judgment give jurisdiction to the District Court by appeal or certiorari to revise the proceedings of the County Court in this particular. If correct in this, it is clear that by reason of the statute alone the District Court did not err in awarding guardianship to the father in preference to Hefley. (Sayles' Rev. Civ. Stat., art. 2583.) But, aside from this, we are inclined to think that the appellant, under the terms of the agreement above recited, abandoning his appeal and joining the father in the request that Bradshaw should be appointed guardian, waived his right, if any he had, to appeal from said judgment.

As to the question of costs, it appears from the pleadings that there was an issue or contest joined in the County Court over the right of appellant to be appointed guardian, and in which proceedings appellant was successful. The recitations of the judgment are ample to show that the court considered the availability of F. Hugen as a fit person to act as guardian, reaching an adverse conclusion thereon. We think said F. Hugen had the right to appeal from such

judgment and have the same reversed in the District Court, which he did. There the plaintiff in error appeared and urged, not only the correctness of the judgment of the County Court appointing him guardian, but contested as well F. Hugen's, the father's, right to be appointed, in which proceedings he lost and Hugen won. *He was not compelled to make this contest in either court. His was a voluntary effort to secure the guardianship and defeat the father's right thereto.* We therefore think that art. 2785 of the Revised Statutes, which reads as follows: "In all cases where a party shall make any application or opposition, and on the trial thereof, he shall be defeated, all costs occasioned by such application or opposition shall be adjudged against such party by the court," is applicable, and that by virtue thereof the costs were properly taxed against plaintiff in error.

Finding no error in the judgment of the court below, the same is in all things affirmed.

*Affirmed.*