Anthony C. AGUILAR, Appellant,

v.

Joseph (Sib) ABRAHAM, Jr., Appellee.

No. 6775.

Court of Civil Appeals of Texas, El Paso.

April 4, 1979.

Rehearing Denied May 2, 1979.

Herbert Ehrlich, El Paso, for appellant.

Merkin, Gibson & Hines, William L. Merkin, Charles Louis Roberts, El Paso, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a breach of contract suit between two attorneys. In open court, the parties announced an agreement to submit their

dispute to arbitration; the Court incorporated this agreement into an order; arbitrators were appointed and they subsequently made their award; the Court reduced the arbitration award to judgment, and from that judgment this appeal is taken. We affirm.

Through a series of letters, the parties agreed to practice law together beginning September 1, 1972. The nature and details of their agreement was an issue in the trial Court, and a principal issue was whether or not they were partners or whether the employee/employer relationship existed. The arrangement ended in February of 1975, after which this suit was brought by Appellee against Appellant alleging various breaches of their contractual arrangement. The parties agreed to submit the controversy to arbitration, and the Court adopted this agreement in an order dated November 25, 1975. Appellant now questions the validity of that arbitration agreement, or order of the Court, and the Court's refusing his request to withdraw from the arbitration arrangement and to dismiss such proceedings. We hold that the instrument was a valid and binding agreement.

The instrument in question is in the form and style of an order of the court and is designated as an order. The opening paragraph is as follows:

On the 14th day of November, 1975, came on to heard and considered the hearing requested by Plaintiff herein enjoining Defendant from dissipating any of the funds shown to be wrongfully collected by Defendant subsequent to February 28, 1975, and ordering Defendant to deposit such funds into a depository under the control of the Court and ordering Defendant to return enumerated files. Plaintiff appeared in person and with his attorney of record, WILLIAM L. MERKIN. Defendant appeared in person and with his attorneys, MAX E. RAMSEY and DICK STENGEL. Prior to a hearing on said show cause hearing as stated above, the parties, by and through their attorneys, and with the express consent of both Plaintiff and Defendant, reached an agreement subject to the approval of the Court involving binding arbitration. In open Court, the parties announced that, subject to the approval of the Court, the parties had agreed on binding arbitration on the following terms and conditions, to wit: . . .

Then follow four legal-size pages setting forth the terms agreed upon in some eleven numbered paragraphs, and concluding that it was "SIGNED and ENTERED on this 25th day of November, A.D. 1975." It is signed by the Judge, and approved "as to form" by each of the party litigants and their attorneys of record. The arbitrators found that Appellee was entitled to an $89,-382.37 judgment against the Appellant. Upon the Appellant's motion to modify the award, it was reduced to $74,569.81, and judgment was rendered for that amount.

■ We overrule Appellant's contentions as to the validity of the agreement. Article 224, Texas General Arbitration Act, Tex. Rev.Civ.Stat.Ann., provides for the validity of contracts of the above nature where they are entered into upon the advice of counsel as evidenced by the signature of counsel; but, Appellant urges that the agreement is invalid because under that Article there was a proviso that the General Arbitration Act will not apply to employer/employee disputes. There is another section entitled "Arbitration Between Employer and Employed" to cover such disputes, but there is nothing under that section or the General Arbitration Act which makes them exclusive. It has been held that arbitration proceedings outside of such section are not invalid; the same provision of Article 224 relied upon by Appellant also excludes controversies arising under contracts of insurance; the contention here held by Appellant was expressly denied, and the Court held that the statutory arbitration as to insurance was not exclusive but that the parties could agree on a common law arbitration. *Carpenter v. North River Insurance Company*, 436 S.W.2d 549 (Tex.Civ. App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). The Supreme Court expressly approved this holding in *L. H. Lacy Company v. City of Lubbock*, 559 S.W.2d 348

(1977). In that case, the Supreme Court said:

> Furthermore, whether the parties had in view a statutory or a common law arbitration has been held immaterial if the proceedings could be upheld under either system. *Forshey v. Railroad Co.*, 16 Tex. 516, 538 (1856); *Bell v. Campbell*, 143 S.W. 953, 955 (Tex.Civ.App.—Amarillo 1912, writ ref'd.).

In the case before us, the parties have set forth fully the terms of their arbitration agreement including a provision that the parties were bound by the Texas General Arbitration Act, Articles 224 to 238–6, "[e]xcept as stated herein . . ." That "[e]xcept as stated herein" proviso is a complete contract with terms controlling the matters raised by Appellant; so, he really has no complaint of being bound by the Texas General Arbitration Act.

What the Supreme Court said in *Lacy v. City of Lubbock*, supra, is very applicable here:

> The arbitration award in the present case is valid and enforceable under the common law as heretofore expressed by Texas courts. Under even the earliest Texas cases, once the parties to a contract had submitted their disputes to arbitration and an award had been made, the parties were bound by the award if no fraud, mistake, or misconduct was involved. [Cited authorities omitted.]

■ The parties entered into the agreement in open court and secured the Court's approval of their agreement, so that it became an order of the Court and binding in that respect also; it was so held in *Brown v. Eubank*, 443 S.W.2d 386 (Tex.Civ. App.—Dallas 1969, no writ). Also, since it was entered into in open court in the course of trial, the agreement was a stipulation, binding on the parties in that respect. The agreement constitutes both a contract between the parties themselves and a contract between the parties and the Court, which the Court will enforce. 53 Tex.Jur.2d Stipulations sec. 1 at 313. It met the requirements of the Rules of Civil Procedure as being in writing and signed and filed with the papers as part of the record. Rule 11, Tex.R.Civ.P.

■ Some seven months after the arbitration had commenced, Appellant sought to withdraw. Paragraph 10 of the agreement provided that "[n]either party shall have the right to withdraw from arbitration from the time that this order is entered or have the right to withdraw for any reason." In addition to that, an award had been made prior to the attempted withdrawal. Texas law is clear that there is no right to withdraw after an award has been made. *Lacy v. City of Lubbock*, supra.

As has been seen from the cases cited in this opinion, an arbitration award is binding. Additionally, in this case the parties provided that in their agreement:

> Both parties expressly waive any further recourse of any type, and agree that said arbitration shall be fully binding upon both parties and that neither party shall appeal or have the right of appeal from the decision of the arbitrators.

■ It is settled law that a common law arbitration agreement may provide that there is to be no right of appeal. *Ferguson v. Ferguson*, 93 S.W.2d 513 (Tex.Civ. App.—Eastland 1936, writ dism'd). The right to appellate review may be waived by agreement. *Johnson v. Halley*, 8 Tex.Civ. App. 137, 27 S.W. 750 (1894, writ ref'd); *Hefley v. Hugen*, 56 Tex.Civ.App. 273, 120 S.W. 956 (1909, no writ); and a provision providing for waiver of right of appeal in arbitration proceedings is not against public policy. *Ferguson v. Ferguson*, supra. In fact, our Rules of Civil Procedure permit the parties by stipulation to dismiss an appeal after it is perfected. Rule 387a(b), Tex.R.Civ.P. Under the above quoted paragraph, Appellee would be entitled to have this appeal dismissed. However, because of the other matters passed upon, we will not dismiss the appeal, but will affirm the judgment of the trial Court.

The judgment of the trial Court is in all things affirmed.