**Mark GRISSOM and Steve Layton d/b/a Wood Butchers Trim Co., Appellants,**

v.

**GREENER & SUMNER CONSTRUCTION, INC., Appellee.**

No. 08–84–00023–CV.

Court of Appeals of Texas, El Paso.

Sept. 19, 1984.

Rehearing Denied Oct. 24, 1984.

Jerry Severson, Severson, Maxfield & Mesa, El Paso, for appellants.

Morris C. Gore, Ronald D. Law, Dilts & Law, Dallas, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a lower court modification of an arbitration award. Appellant sub-contractors initially brought suit in the district court against Appellee general contractor for breach of contract and independent tortious conduct giving rise to actual and exemplary damages. On June 16, 1983, the parties entered into a written arbitration agreement, the scope of which encompassed both the contractual and tort claims, with the accompanying elements of actual damages, lost profits, exemplary damages and attorney fees. On August 8, 1983, after hearing evidence, the three-party arbitration board awarded Appellants $6,918.07 for work completed, $11,388.00 for lost profits, $27,768.69 attorney fees and $65,000.00 in exemplary damages. Appellants filed an Application to Confirm Arbitration Award and Enter Final Judgment in accordance with Section III (E) of the arbitration agreement. Appellee filed a Petition to Set Aside Arbitration Award. The trial court upheld the award with regard to compensation for work completed

and lost profits, but struck the exemplary damages and reduced the attorney fees to $8,102.00.

■ In Point of Error No. One, Appellants contend that the court erred in entertaining any appeal of the arbitration board decision since both parties expressly waived their rights to appeal in the arbitration agreement. Such an express waiver is permissible and not without effect. *Aguilar v. Abraham*, 588 S.W.2d 599, 601 (Tex. Civ.App.—El Paso 1979, no writ). Even *Aguilar*, relied upon by Appellants, recognizes that such waiver does not totally preclude judicial review of the arbitration process in such areas as fraud, mistake or misconduct. *See also: Brown v. Eubank*, 443 S.W.2d 386 (Tex.Civ.App.—Dallas 1969, no writ); *Ferguson v. Ferguson*, 93 S.W.2d 513 (Tex.Civ.App.—Eastland 1936, writ dism'd). Tex.Rev.Civ.Stat.Ann. art. 237 (Vernon 1973) provides for the vacating of an award upon any of five grounds, consistent with the above authority for review. Of those provisions, subsections (2), (3), and (4) were raised by Appellee's first amended petition (partiality of the arbitration board member, an award exceeding the authority of the board under the arbitration agreement, and conduct of the arbitration hearing in a manner substantially prejudicial to the rights of the petitioner).

■ Tex.Rev.Civ.Stat.Ann. art. 238 (Vernon 1973), authorizes modification of an award upon any of three grounds, of which only subsection (2) was arguably raised by the amended petition (an award upon a matter not submitted for arbitration). The foregoing matters may be subjected to judicial review despite a waiver of appeal in the arbitration agreement. Point of Error No. One is overruled.

■ Point of Error No. Two alleges that the trial court erred in failing to confirm the award and enter judgment in accordance with the agreement and the Appellants' motion. Appellee sought vacation of the award in its entirety, or in the alternative a modification by eliminating exemplary damages and reducing the attorney fees. Article 238, sec. A(2), provides for modification if "[t]he arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted." The issue of exemplary damages, and their consequent affect upon attorney fees, was expressly submitted by the parties in the arbitration agreement. Consequently, there was no basis for modification. Similarly the Article 237, sec. A(3), basis for vacating an award where the arbitrators exceed their authority is inapplicable in terms of the agreement. The trial court's judgment strikes the award of exemplary damages as contrary to public policy. Independent tortious conduct constituting more than a malicious and oppressive breach of contract may support an award of exemplary damages even if arising in a contractual context. *See: McDonough v. Zamora*, 338 S.W.2d 507 (Tex.Civ.App.—San Antonio 1960, writ ref'd n.r.e.). Appellant's original petition, prior to the arbitration process, alleged such independent tortious conduct, and the matter was submitted to arbitration along with the contractual issues by the parties' agreement. Nothing in Tex. Rev.Civ.Stat.Ann. art. 224 (Vernon Supp. 1984) precludes such an agreed submission.

Furthermore, Article 237, sec. A(5) states that "the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." Consequently, it was error for the trial court to strike the exemplary damages, reduce the attorney fees and refuse to confirm the award of the arbitration board. See: Tex.Rev.Civ.Stat.Ann. arts. 237, sec. D and 238, sec. B (Vernon 1973).

■ The other potential grounds raised by Appellee's amended petition would provide for vacating the award due to partiality of the arbitrator and/or a substantially prejudicial manner of conducting the hearing. It was Appellee's burden to establish such facts before the trial court, yet no transcript of either the arbitration hearing or the hearing before the lower court is

contained in the record. The court held adversely to Appellee on these issues and no cross-point of error has been presented challenging that result. Point of Error No. Two is sustained.

Point of Error No. Three specifically alleges error in the elimination of exemplary damages and Point of Error No. Four complains of the consequent reduction in attorney fees. The judgment indicates that the court's action was based upon a faulty conclusion of law and public policy. For that reason, as explicated above, these points of error are sustained. Additionally, in terms of potential modification by review of the merits of the case presented to the arbitrators, we note that the waiver of appeal would preclude such action by the trial court. Points of Error Nos. Three and Four are sustained.

Point of Error No. Five need not be addressed.

Appellee's Cross-Point No. One seeks to maintain the reduction of the attorney fees awarded by the arbitration board. Essentially, it relies upon the propriety of the elimination of the exemplary damages which we have already concluded was erroneous. As a matter of law and in light of the agreement to arbitrate, there was no basis for reduction of fees. The waiver of appeal precludes reduction on the merits of the evidence presented to the board. Cross-Point No. One is overruled.

The judgment of the trial court is reversed and judgment rendered for the Appellants in accordance with the award of the arbitration board.