**J.L. RIHA, Individually and d/b/a Riha Construction Company, Appellant,**

v.

**Ronnie J. SMULCER and Janice S. Smulcer, Appellees.**

No. C14–91–01293–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 10, 1992.

Rehearing Denied Dec. 31, 1992.

Logene L. Foster, Sugar Land, for appellant.

Robert J. Kern, Houston, for appellees.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellant appeals from the trial court's judgment modifying and correcting an Award of Arbitrator(s). We find the trial court erred by modifying the arbitrator's award and reverse and render.

Appellant asserts nine points of error. In his first point of error, appellant argues the trial court erred by modifying and correcting the arbitrator's award. In his fourth point of error, appellant complains the trial court erred by failing to confirm the award and enter judgment in accordance with the arbitrator's award. In the remaining points of error, appellant attacks the trial court's findings on grounds of no evidence, insufficient evidence and findings against the great weight and preponderance of the evidence. Because we agree with appellant's first and fourth points of error and reverse and render on these grounds, we do not address appellant's remaining points.

J.L. Riha, individually and d/b/a Riha Construction Co. (Riha), and Ronnie J. Smulcer and Janice S. Smulcer (Smulcers) entered into a construction contract whereby Riha, a general contractor, agreed to build a residential home for the Smulcers.

Disputes arose between the parties. The Smulcers brought suit against Riha for breach of contract, violation of trust fund doctrine and breach of fiduciary duty, conversion, fraud, negligent misrepresentation, negligence, statutory fraud, and breach of express and implied warranties. Riha filed a counter-claim against the Smulcers for the balance owing under the construction contract, payment for extra work performed, foreclosure on the mechanic's lien Riha had placed on the property, damages for misrepresentations and legal fraud, attorney's fees, and interest. As required by the terms of the construction contract, the district court submitted the case to arbitration.

After three days of hearings, the arbitrator made the following award:

Ronnie J. Smulcer and Janice S. Smulcer ("SMULCERS") shall pay to J.L. Riha, individually and d/b/a Riha Construction Company (RIHA) the sum total of THIRTY–FIVE THOUSAND ONE HUNDRED TWENTY–FIVE DOLLARS AND SIXTY–FIVE CENTS ($35,125.65) BROKEN DOWN AS FOLLOWS:

| | |
|---|---|
| REMAINDER OF CONTRACT | $10,125.65 |
| CHANGES TO CONTRACT, ADDITIONAL MATERIALS & LABOR | 25,000.00 |
| TOTAL | $35,125.65 |

Payment of the $35,125.65 shall be made to RIHA no later than thirty (30) days from the date of the arbitrator's signature on this award.

"RIHA" shall release lien against the property upon payment of said monies; and shall pay amount due to Wicke Electric; and shall pay for saw blade.

The "RIHA" claim for rental payments is denied. The "SMULCERS" claim for interest rate damages is denied. Claims for slander, liable (sic), legal fraud, or deceptive business practices are denied.

Stenographic record shall be paid by party who hired the stenographer. Each party shall be responsible for their own legal fees.

This award is in full settlement of all claims and counterclaims brought before this arbitration.

The Smulcers filed an application to Modify or Correct Arbitration Award, or Alternatively, to Vacate Award in the district court. After hearing arguments and reviewing the transcript from the arbitration hearings, the trial court entered the following judgment:

| | |
|---|---|
| Remainder of Contract | $10,125.65 |
| Changes to contract, additional materials and labor | 25,000.00 |
| Total | $35,125.65 |
| Payments and/or credits as stipulated by Riha | $36,715.07 |

Ronnie J. Smulcer and Janice S. Smulcer (Smulcers) shall have and recover from J.L. Riha, individually and D/B/A Riha Construction Company (Riha) the sum total of ONE THOUSAND FIVE HUNDRED AND EIGHTY–NINE AND 42/100 DOLLARS ($1,589.42) payable within thirty (30) days from entry of judgment by the Court in this cause. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT the Award of Arbitrator(s), as modified and corrected, is hereby CONFIRMED and judgment is entered thereon as follows:

1. Smulcer shall have judgment against J.L. Riha, individually, and D/B/A Riha Construction Company in the amount of ONE THOUSAND FIVE HUNDRED AND EIGHTY–NINE AND 42/100 DOLLARS ($1,589.42).

2. Riha shall release the lien against the property within thirty (30) days from the date of this judgment.

3. Riha shall pay any and all sums due Wicke Electric and shall pay for the saw blade for Wicke Electric.

4. Riha's claims for rental payments is denied.

5. Smulcer's claim for interest rate damages is denied.

6. All claims by both parties for slander, libel, legal fraud, and/or deceptive business practices are denied.

7. Cost of stenographic record shall be paid by the party incurring same.

8. Each party shall pay their own costs and attorney's fees.

9. Any other claim not expressly granted is denied.

In effect, the arbitrator awarded Riha judgment for $35,125.65. The trial court's modification and correction judgment ordered Riha to pay the Smulcers $1,589.42. The trial court, in entering its judgment concentrated on credits totalling $36,715.07. The Smulcers contend the credits consist of off-sets and monies they paid to Riha or to his sub-contractors. The trial court subtracted the total amount of the credits from Riha's award of $35,125.65. The Smulcers argue the arbitrator did not subtract the credits from the judgment he awarded Riha because the credits were never contested by the parties.

The Smulcers advanced this same argument to the arbitrator after he rendered his award on October 19, 1990. On November 2, 1990, the Smulcers filed an Application for Clarification of Arbitration Award with the American Arbitration Association. The Smulcers detailed the credits in the application. They also stated in the application that the arbitrator's award was silent as to the credits, the credits should be added to the amounts previously paid by the Smulcers, the amounts paid by the Smulcers exceeded the entire amount awarded Riha and therefore, Riha owed the Smulcers $2,817.07. The application requested the arbitrator's award be clarified and Riha be

ordered to pay the Smulcers $2,817.07. Riha countered the award was clear and the Smulcers were seeking additional credits as the credits had already been considered by the arbitrator in making his award. On November 19, 1990, the arbitrator responded by letter to the American Arbitration Association:

> I find no reason to change or explain the findings in this matter. They stand as previously disclosed.

On December 2, 1990, the Regional Director for the American Arbitration Association notified the parties that:

> Mr. Simmons, the arbitrator, has advised that the Award as rendered is final and is clear as stated. Therefore, no further clarification is forthcoming.

■ Arbitration proceedings are favored in Texas. *House Grain Co. v. Obst,* 659 S.W.2d 903, 905 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Arbitration awards are favored by the courts as a means of disposing of pending disputes, therefore every reasonable presumption will be indulged to uphold the proceeding. *Id.*

■ An arbitration award that is the result of common law arbitration can be held invalid only if it is tainted with fraud, misconduct, or such gross mistake as would imply bad faith and failure to exercise honest judgment. *See Carpenter v. North River Ins. Co.,* 436 S.W.2d 549, 551 (Tex. Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

■ The award in this case was the result of statutory arbitration pursuant to the parties contract. The contract provided for arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. The contract also provided "the award rendered by the arbitrator or arbitrators shall be final...." When the parties agree arbitration shall be final, absent the showing of the common law grounds for review, the parties are deprived of any right to question the award or to re-try the issues determined by it. *Brown v. Eubank,* 443 S.W.2d 386, 391 (Tex.Civ.App.—Dallas 1969, no writ).

■ Statutory arbitration is cumulative of the common law. *House Grain Co.,* 659 S.W.2d at 905. In addition to the common law grounds for modifying an award, the Texas General Arbitration Act authorizes modification of an award upon any of three grounds: an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; the arbitrator has awarded upon a matter not submitted to him; the award is imperfect in a matter of form, not affecting the merits of the controversy. Tex.Rev.Civ.Stat.Ann. art. 238 § A(1), (2), (3) (Vernon 1973).

■ The Smulcers do not allege that the award is tainted with fraud, misconduct, or gross mistake implying bad faith and failure to exercise honest judgment by the arbitrator. The trial court therefore can modify the award only if it meets one of the statutory requirements. A mere mistake of fact or law alone is insufficient to set aside an arbitration award. *House Grain Co.,* 659 S.W.2d at 906.

The Smulcers argue the original contract price of the house was $280,000.00. The arbitrator awarded Riha $25,000.00 for changes, resulting in a total price of $305,-000.00 for the house. The Smulcers claim they paid $269,874.35 and are due credits of $36,715.07, for a total of $306,589.42. The Smulcers argue this total should be subtracted from the total price of the house, thereby resulting in an overpayment by them of $1,589.42.

The Smulcers asserted in their application filed in the district court that if the trial court believed Riha interpreted the award correctly (*i.e.* Riha has judgment against the Smulcers for $35,125.65), then there is an obvious error on the face of the award and the trial court should modify or correct the award. The Smulcers' application did not specify which of the three statutory grounds the court should utilize in modifying or correcting the award.

The trial court recited in its judgment: the Award of Arbitrator(s) contains an *evident error* in that the award by the arbitrator resulted in an amount due un-

der the construction contract (and for extras outside the contract) in the total sum of THREE HUNDRED AND FIVE THOUSAND DOLLARS ($305,000.00), while the combined sums stipulated by Riha to have been received from Smulcer or owed as a credit to Smulcer was in the total amount of THREE HUNDRED AND SIX THOUSAND FIVE HUNDRED AND EIGHT–NINE AND 42/100 DOLLARS ($306,589.42). (Emphasis added).

■ The Smulcers argue the "evident error" found by the trial court is that the amount paid by them and credits due them, is greater than the amount due Riha, including the award. We interpret this to mean that the "evident error" referred to in the trial court's judgment is an evident miscalculation of figures.

The Texas General Arbitration Act authorizes the trial court to modify or correct an arbitration award when there is an "evident miscalculation of figures...." TEX. REV.CIV.STAT.ANN. art. 238 § A(1) (Vernon 1973). Neither party has referred this court to any cases nor have we been able to locate any cases addressing the issue of what constitutes an "evident miscalculation of figures."

During the hearing to modify the award, the Smulcers said they did not contest the arbitrator's award of $35,125.65 to Riha. The trial court stated the only issue before it was whether or not the arbitrator considered the alleged credits, and whether or not the arbitrator was aware of the alleged credits and intended for them to be incorporated into his judgment. The trial court also stated during the hearing that its function was to correct a "patent discrepancy."

Apparently the trial court assumes the arbitrator failed to consider the credits and therefore failed to subtract the credits from his award and this is an error justifying modification of the arbitrator's award. In making his award, the arbitrator did not indicate how he determined $10,125.65 to be the "remainder of contract" or how he determined $25,000.00 to be due for "changes to the contract, additional materials and labor." It is possible the arbitrator

subtracted all or some of the credits before determining the above amounts.

The transcript from the testimony heard by the arbitrator clearly indicates the credits were discussed and acknowledged by the arbitrator. It would be unreasonably technical to claim that because the credits were not contested, they were not submitted to arbitration or considered by the arbitrator in his final award. We are not persuaded that the arbitrator's failure to address the impact the credits had in his determining the amount to award Riha constitutes an evident miscalculation of figures.

An evident miscalculation of figures must be clear, concise and conclusive from the record. An evident miscalculation of figures would be present if the arbitrator had clearly shown the total amount of credits to be subtracted from the award and then awarded a different amount to Riha because of a math error. That did not occur here.

The arbitrator's failure to specify how he applied the credits in calculating the award is not an "evident miscalculation of figures" and it is not evident from the record the arbitrator miscalculated any of the figures he had before him. We find there is not an evident miscalculation of figures requiring modification of the arbitrator's award.

■ The trial court's judgment also recited the award is modified and corrected to "effect the intent of the arbitrator's award." The Texas General Arbitration Act states if the application to modify or correct the award is granted, the "court shall modify and correct the award so as to effect its intent...." TEX.REV.CIV.STAT. ANN. art. 238 § B (Vernon 1973). The trial court, however can not speculate or guess as to the intention of the arbitrator. *Grissom v. Greener and Sumner Construction, Inc.,* 676 S.W.2d 709 (Tex.App.—El Paso 1984, writ ref'd n.r.e.). An arbitration award has the same effect as a judgment of a court of last resort, and a trial judge reviewing the award may not substitute his judgment for the arbitrator's mere-

ly because the trial court judge would have reached a different decision. *Bailey and Williams v. Westfall,* 727 S.W.2d 86, 90 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Not every error of fact or law warrants setting aside an arbitration award, but only those errors that result in a fraud or some great and manifest wrong and injustice. *Id.* Every reasonable presumption must be indulged to uphold the arbitrator's decision, and none is indulged against it. *Id.* The record as a whole shows the arbitrator knew about the credits and discussed the amounts and purposes of the credits with both parties. The arbitrator when specifically asked by the Smulcers to modify or clarify the award because of the credits declined to do so.

The Smulcers' application to modify and correct the award should not have been granted. The trial court's judgment does not effect the intent of the arbitrator's award. The arbitrator ruled in Riha's favor and ordered the Smulcers to pay Riha $35,125.65. The arbitrator intended judgment to be in favor of Riha. The arbitrator's award clearly and unambiguously states and decides that Riha have judgment against the Smulcers. Consequently, it was error for the trial court to subtract the credits from the award and it was error for the trial court to refuse to confirm the award of the arbitrator.

We find the trial court erred by modifying and correcting the arbitrator's award and by failing to confirm the award and enter judgment in accordance with the Award of the Arbitrator(s). Accordingly, we reverse and render.