The CITY OF BAYTOWN, Texas, Appellant,

v.

C.L. WINTER, INC., Appellee.

No. 01–93–00478–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 20, 1994.

Rehearing Overruled Nov. 10, 1994.

516

Ben H. Schleider, Jr., David A. McDougald, Houston, for appellant.

Richard W. Avery, Marsha Z. Gerber, Houston, for appellee.

Before DUGGAN, MIRABAL and WILSON, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a judgment confirming an arbitration award arising out of a contract dispute between appellant, the City of Baytown (Baytown), and appellee, C.L. Winter, Inc. (Winter). We affirm.

Baytown solicited bids for the construction of a waste water collection system and lift stations on State Highway 146. Winter's bid for the job was accepted by Baytown, and the parties entered into a contract in December, 1990. According to Winter, conditions at the site of the project were not as represented by the city, and as a result Winter was forced to incur additional costs. When Winter was unsuccessful in obtaining change orders and in collecting for the additional work, Winter demanded arbitration pursuant to the 1990 contract. Baytown refused to arbitrate on the ground that Winter's demand was untimely under the contract. Winter filed suit and obtained an order compelling arbitration dated June 30, 1992.

The parties each chose an arbiter pursuant to the contract. Baytown's arbiter, however, refused to meet with Winter's arbiter to choose a third arbiter until instructed to do so by the city's attorney. Winter returned to court to compel Baytown's compliance with the order. A court order dated August 31, 1992 instructed Baytown's arbiter and Winter's arbiter to meet and agree upon a third arbiter by September 1, 1992, or appear before the court and show cause why they should not be held in contempt. A third arbiter was chosen and an arbitration proceeding was held.

After 10 days of testimony, the arbiters entered their award on March 24, 1993. The award ordered Baytown to pay Winter $227,-272.50, as follows: "$18,755 for claim preparation, $22,745 for expert fees, $110,772.50 for attorney's fees, and $75,000 for damages incurred by Winter as a result of changed conditions." The arbiters also ordered Winter to pay Baytown $35,784.01 for damages incurred by the city for Winter's failure to complete the contract.

Winter filed an application to confirm the award on March 29, 1993. Baytown filed an objection to the application on April 19, 1993, on the basis that it was premature, and also sought to have the award vacated, modified or corrected on several grounds. The arbiters' award was confirmed by the trial court after a hearing on April 19, 1993.

Article 237 of the Texas General Arbitration Act provides for an arbitration award to be vacated on any one of five grounds: (1) the award was procured by corruption, fraud or other undue means; (2) there was evident partiality by an arbiter appointed as a neutral, or there was corruption, misconduct or willful misbehavior by any of the arbiters prejudicing the rights of any party; (3) the arbiters exceeded their powers; (4) the arbiters refused to postpone the hearing, refused to hear evidence material to the controversy, or otherwise conducted the hearing as to prejudice substantially the rights of a party; or (5) there was no arbitration agreement, the issue was not adversely determined in proceedings under article 225, and the objecting party did not waive the lack of an arbitration agreement. Tex.Rev.Civ.Stat. Ann. art. 237 (Vernon 1973).

An appeal may be taken from the district court's order confirming an award, vacating an award, or modifying or correcting an award. TEX.REV.CIV.STAT.ANN. art. 238–2, §§ A(3), A(4), A(5) (Vernon 1973). Texas law favors arbitration. *Brazoria County v. Knutson,* 176 S.W.2d 740, 743 (Tex.1943). An arbitration award has the same effect as the judgment of a court of last resort, and a trial judge reviewing the award may not substitute his judgment for the arbiters' merely because he would have reached a different decision. *City of San Antonio v. McKenzie Constr. Co.,* 136 Tex. 315, 150 S.W.2d 989, 996 (1941); *Bailey & Williams v. Westfall,* 727 S.W.2d 86, 90 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Every reasonable presumption must be indulged to uphold the arbiters' decision, and none is indulged against it. *Id.; Wetzel v. Sullivan, King & Sabom, P.C.,* 745 S.W.2d 78, 81 (Tex.App.—Houston [1st Dist.] 1988, no writ).

In its first three points of error, Baytown asserts the trial court erred in confirming the arbiters' award because the arbiters exceeded their powers by (1) awarding damages on an issue not properly submitted to them; (2) disregarding the express terms of the contract; and (3) awarding expert witness fees, claim preparation fees, and attorney fees.

The contract between Baytown and Winter included the following arbitration clause: "6.05 ARBITRATION All questions of dispute under this Agreement shall be submitted to arbitration at the request of either party to the dispute."

After an arbitration panel was selected, Winter submitted a proposed schedule to the panel which included a date by which Winter was to submit his claim to the panel and another date by which Baytown was to respond. The transcript reflects that Winter filed at least four documents styled "Specification of Claims," and that Baytown filed a "Response to Claim and Counterclaim and Third–Party Claim."

Under its first point of error, Baytown argues that the arbiters' award of damages "incurred by Winter as a result of changed conditions" was error because the conditions of the construction site never changed and Winter never complained about "changed conditions" in its original or amended specification of claims. Therefore, Baytown asserts, the arbiters exceeded their powers.

As stated by the Texas Supreme Court, "the authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication." *Gulf Oil Corp. v. Guidry,* 160 Tex. 139, 327 S.W.2d 406, 408 (1959); *Island on Lake Travis, Ltd. v. Hayman Co.,* 834 S.W.2d 529, 532 (Tex.App.—Austin 1992), *judgment set aside without reference to the merits and cause remanded for entry of judgment in accordance with the settlement agreement,* 848 S.W.2d 84 (Tex.1993). An award that goes beyond the matters submitted for arbitration is void to that extent. *Lone Star Cotton Mills v. Thomas,* 227 S.W.2d 300, 307 (Tex.Civ.App.—El Paso 1949, writ ref'd n.r.e.) (holding arbitration award, which included reinstatement and the payment of damages, void because arbitration agreement did not confer power of decision of these matters).

The arbitration provision in the present contract provided that "all questions of dispute" arising under the contract were to be arbitrated. The court order compelling arbitration also directed the parties to arbitrate "all disputes between them." It is apparent that a dispute exists regarding whether some kind of "changed conditions" are involved in this case. In light of the broad arbitration clause in the contract, the arbiters did not *exceed their authority* in rendering an award based on changed conditions.

Moreover, looking to the "pleadings" submitted to the arbiters, the award was within the issues presented. The arbiters awarded Winter $75,000 for damages incurred as a result of "changed conditions" but did not define the term. Winter's third amended specification of claims stated that Baytown misrepresented the conditions of the project site in its documents and plans and that "a change from the construction requirements upon which Winter had made its bid to the City was made necessary." An award based on "changed conditions" could be construed

as within the scope of the issue presented by Winter in its specification of claims.

We overrule Baytown's first point of error.

■ Under its second point of error, Baytown argues that the arbiters exceeded their powers "in that the award for 'changed conditions' shows that they disregarded the express language of the contract between the parties, and they created new contractual terms."

Baytown asserts that under the express written terms of the contract, Winter is responsible for the conditions of the site. The express written terms of the contract, however, also make the city responsible for the adequacy of the design and the sufficiency of the contract documents. As discussed above, the arbiters were empowered to resolve *all* disputes between the parties which arose under the contract. This includes a determination of Baytown's obligations under the contract to disclose site conditions, as well as Winter's responsibility under the contract as a bidder to examine the site and the plans. The arbiters did not exceed their authority.

■ Baytown also argues that, "more globally, the entire arbitration proceeding exceeded the arbiters' authority," because Winter did not timely demand arbitration in accordance with the contract terms.

Prior to the arbitration, Baytown sought summary determination from the arbiters as to the timeliness of Winter's demand. The arbiters' power to resolve all issues between the parties arising under the contract contemplates a determination by the arbiters of the timeliness of a demand for arbitration under the terms of the contract. By rendering an award, the arbiters presumably concluded that Winter had timely made its request for arbitration. The arbiters did not exceed their authority.

We overrule Baytown's second point of error.

Under its third point of error, Baytown argues the arbiters exceeded their authority by awarding expert witness fees, claim preparation fees and attorney's fees to Winter.

■ The arbitration provision of the contract authorizes the arbiters "to award the party whose contention is sustained, such sums as they deem proper for the time, expense and trouble" incident to the arbitration. The arbiters sustained Winter's contention, and they acted within the scope of the contract in awarding to Winter the expenses he incurred for claim preparation, expert witnesses and attorneys in connection with the arbitration. Accordingly, we overrule Baytown's third point of error.

In its fourth point of error, Baytown asserts "the arbiters evidently miscalculated the amount of liquidated damages to be awarded Baytown for Winter's failure to timely complete the contract." The arbiters awarded Baytown $35,784.01 "for damages incurred by Baytown for Winter's failure to complete the Contract."

The contract allowed Baytown to recover liquidated damages for Winter's breach of the contract "as to completion on time" at a daily rate. Baytown argues that because the arbiters found that Winter had not completed the contract, it is entitled to liquidated damages of $325 per day from the date the contract was to be completed through the date of the arbiters' award (amounting to $154,375.00) or through the date of the judgment (amounting to $162,825.00).

■ The Texas General Arbitration Act authorizes the trial court to modify or correct an arbitration award when there is an "evident miscalculation of figures." TEX.REV.CIV. STAT.ANN. art. 238, § A(1) (Vernon 1973). In *Riha v. Smulcer*, 843 S.W.2d 289 (Tex.App.— Houston [14th Dist.] 1992, writ denied), the court addressed the issue of what constitutes an "evident miscalculation of figures":

An evident miscalculation of figures must be clear, concise and conclusive from the record. An evident miscalculation would be present if the arbitrator had clearly shown the total amount of credits to be subtracted from the award and then awarded a different amount to Riha because of a math error. That did not occur here.

The arbitrator's failure to specify how he applied the credits in calculating the award is not an "evident miscalculation of figures" and it is not evident from the record

the arbitrator miscalculated any of the figures he had before him. . . .

*Id.* at 293.

Baytown has not brought the statement of facts from the 10-day arbitration hearing to us on appeal, except for the portion covering the testimony of the attorneys regarding fees.[1] We do not know what evidence the arbiters considered in making their award, and the award on its face does not reflect a miscalculation as the term was construed in *Riha.* Without a transcription of the arbitration proceedings, we must presume adequate evidence to support the award. *Kline v. O'Quinn,* 874 S.W.2d 776, 783 (Tex.App.—Houston [14th Dist.] 1994, no writ).

We overrule Baytown's fourth point of error.

In its fifth point of error, Baytown asserts that "the errors set out above demonstrate evident partiality by Arbiter Joseph Hiller, who was appointed as the Neutral Arbiter." TEX.REV.CIV.STAT.ANN. art. 237 (Vernon 1973) provides for vacating an arbitration award where there was "evident partiality" by a neutral arbitrator.

Winter chose N.M. Brown as an arbitrator and Baytown chose Fritz Lanham. Joseph Hiller was chosen as the neutral arbitrator. Hiller and Brown signed the arbitration award, but Lanham declined because he thought (1) the sums awarded for claim preparation, attorney's fees, and expert witness fees should have been awarded as a percentage of Winter's claim, and (2) there should have been a more detailed explanation of the damages awarded each party.

Baytown did not object to Hiller's appointment, or raise an issue about any alleged bias on Hiller's part, at the time he was appointed. Baytown contends that it could not have asserted its claim of bias "before Hiller first demonstrated bias by *signing* the award." (Emphasis added.)

A party seeking to vacate an award on the basis of evident partiality must prove the existence of facts which would establish a reasonable impression of the arbiter's partiality to one party. *Babcock & Wilcox Co. v. PMAC, Ltd.,* 863 S.W.2d 225, 233 (Tex.App.—Houston [14th Dist.] 1993, writ denied). For example, evident partiality may be shown where the arbiter had an interest in the outcome of the proceeding, or a relationship with one of the parties involved. *See Johnson v. Korn,* 117 S.W.2d 514, 519–21 (Tex.Civ.App.—El Paso 1938, writ ref'd); *House Grain Co. v. Obst,* 659 S.W.2d 903, 907–08 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) (common-law arbitration); *Babcock,* 863 S.W.2d at 233–34 (Federal Arbitration Act). As already noted, Baytown did not file a statement of facts from the 10-day arbitration proceeding in this appeal, and Baytown points to no evidence to support its claim of Hiller's bias, other than the fact Hiller ruled against Baytown. The trial court did not err when it refused to vacate the award on the basis of evident partiality. *See Grissom v. Greener & Sumner Constr., Inc.,* 676 S.W.2d 709, 711 (Tex.App.—El Paso 1984, writ ref'd n.r.e.) (recognizing party complaining about bias has the burden to file a transcript of the arbitration hearing).

We overrule Baytown's fifth point of error.

In its sixth point of error, Baytown asserts the trial court prematurely confirmed the arbiters' award, thereby depriving Baytown of its full allotted time to challenge the award.

TEX.REV.CIV.STAT.ANN. art. 236 (Vernon 1973) requires the court to confirm an arbitration award, on application of a party, unless the opposing party has filed a motion to vacate, modify or correct the award under articles 237 and 238. If a party seeks to vacate, modify or correct an award, articles 237 and 238 require them to do so within 90 days of receiving a copy of the award.

---

1. Baytown argues that it complied with TEX. R.APP.P. 53(d), which sets out the procedure for requesting a partial statement of facts, and therefore we should presume that nothing omitted from the record is relevant to this appeal. However, when an appellant raises no evidence or insufficient evidence points of error, it has the burden to provide a complete statement of facts on appeal, and rule 53(d) does not apply. *Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991); *Born v. Virginia City Dance Hall & Saloon,* 857 S.W.2d 951, 954 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

The arbiters' award was signed on March 24, 1993, and Winter filed an application to confirm the award on March 29, 1993. Baytown filed an objection to the application on April 19, 1993, on the basis that it was premature, and also sought to have the award vacated. The district court confirmed the award after a hearing on April 19, 1993. Baytown argues that the district court was barred from confirming the award during the 90–day period Baytown had to file an application to vacate, modify or correct the award.

The Second Circuit rejected an argument similar to Baytown's, in construing the provisions of the Federal Arbitration Act that are similar to those in the Texas General Arbitration Act, in *The Hartbridge*, 57 F.2d 672 (2d Cir.1932), *cert. denied*, 288 U.S. 601, 53 S.Ct. 320, 77 L.Ed. 977 (1933). In that case, the winning party to an arbitration filed a motion with the court to confirm the award less than a month after the award was entered. The appellant filed affidavits challenging the court's jurisdiction to confirm the award before the end of the three month period allowed for service of notice of a motion to vacate. The appellant stated in its affidavits that it intended to move to vacate the award within the three month period, but could not yet file a motion because of the loss of certain exhibits used during the arbitration. The district court confirmed the award. In holding that the motion to confirm the award was not premature, the Second Circuit said:

> Section 12 requires that notice of a motion to vacate an award must be served within three months after the award is filed or delivered, but there is nothing in such requirement to suggest that the winning party must refrain during that period from exercising the privilege conferred by section 9 to move "at any time" within the year [to confirm the award].
>
> ... As we understand the statute, a motion to confirm puts the other party to his objections.

*The Hartbridge*, 57 F.2d at 673.

We agree with the analysis in *The Hartbridge*. Under article 236, Winter moved to have the arbitration award confirmed and was entitled to have the motion granted unless a motion to vacate, modify or correct the award was filed. Baytown filed such a motion to vacate, modify or correct the award, which the court considered before it decided to confirm the award. Baytown participated in the hearing on its motion to vacate; Baytown made no showing of how it would be harmed by the trial court confirming the award prior to the end of the 90 days.

Finding no error, we overrule Baytown's sixth point of error.

Winter asks this court to impose damages pursuant to TEX.R.APP.P. 84, on the grounds that Baytown has appealed solely in an effort to further delay payment. We decline to do so.

We affirm the judgment.