Stephen A. **RAFFAELLI** and Virginia Raffaelli, Appellants,

v.

Thomas M. **RAFFAELLI** and Mary Lou Raffaelli Court, Appellees.

No. 06–96–00067–CV.

Court of Appeals of Texas, Texarkana.

May 13, 1997.

**140**

J.D. McLaughlin, Paris, for Appellant Stephen Raffaelli.

Jerry A. Rochelle, Texarkana, AR, for Appellant Virginia Raffaelli.

E. Ben Franks, Randall D. Goodwin, Johnny P. Arnold, Texarkana, for Appellee Thomas M. Raffaelli.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Stephen A. Raffaelli and Virginia Raffaelli seek to have this Court set aside a judgment enforcing an arbitration award, or alternatively, modify the judgment. Thomas Raffaelli and Mary Lou Raffaelli Court and other plaintiffs filed suit requesting dissolution and an accounting and division of all property of all partnerships in which Thomas and Stephen Raffaelli were involved, including but not limited to ten named partnerships. Virginia Raffaelli, involved in a domestic relations case with Stephen A. Raffaelli, intervened. Mary Lou Raffaelli Court, a defendant in the court below, settled.

The parties entered into an unconditional written agreement to submit all claims of any nature based in law or equity between them to an arbitration panel. The panel's award would be made a nonappealable judgment of the court. The trial judge and Stephen and Thomas Raffaelli signed the order. Their attorneys approved it as to form.

On the mutual agreement of Stephen and Thomas Raffaelli, the trial court appointed four arbitrators. After only one panel meeting, one arbitrator died. No substitute arbitrator was appointed, and the panel continued its work with three arbitrators. On June 2, 1995, the trial judge and Stephen Raffaelli's attorney signed an order appointing a substitute receiver. On August 18, 1995, the trial court conducted a hearing to consider the evidence, pleadings, prior orders of the court, and counsel's argument.

The arbitration panel submitted two awards to the court. One filed October 27, 1995, disposed of some of the properties and reserved others for future consideration. One filed May 8, 1996, disposed of the remaining properties and claims. On May 14, 1996, the trial court entered its final judg-

ment, adopting the arbitration panel's awards and findings. Before the court entered its final order incorporating the final arbitration award, Stephen Raffaelli never complained or objected to proceeding with three arbitrators or requested that the court appoint another arbitrator. Stephen and Virginia Raffaelli contend that the trial court erred in unilaterally appointing a receiver, not appointing a fourth arbitrator, failing to address the debts and personal property for which each partner had equal obligations, ignoring the arbitration panel's first and second report, and affirming and confirming its later report. Under their contention that the trial court erred in affirming and confirming the final report, Stephen and Virginia Raffaelli bring the following specific points of error: (1) the trial court failed to allow Stephen and Virginia Raffaelli to have any input in the variances contained in the three reports; (2) the panel asserted jurisdiction over property other than the property belonging to Stephen and Thomas Raffaelli; and (3) the panel awarded to Thomas Raffaelli property that clearly was Stephen Raffaelli's and property that clearly was partnership property.

■ Absent a statutory or common law ground "to vacate or modify an arbitration award," a reviewing court lacks jurisdiction to review complaints, including the sufficiency of evidence supporting the award.[1] The statutory grounds for vacating an arbitration award are as follows: (1) the "award was procured by corruption, fraud or other undue means"; (2) evident partiality of "an arbitrator appointed as a neutral," or an arbitrator's corruption, misconduct, or willful misbehavior that prejudiced a party's rights; (3) "the arbitrators exceeded their powers"; (4) "the arbitrators refused to postpone the hearing" upon a showing of sufficient cause, "refused to hear evidence material to the controversy," or otherwise conducted the hearing "contrary to the provisions of Section 171.005," so as to prejudice substantially a party's rights; or (5) "there was no arbitration agreement," the issue was not determined adversely in

proceedings under Section 171.002, "and the party did not participate in the arbitration hearing without raising the objection."[2]

■ Point of error two contends that "the panel asserted jurisdiction over property other than that belonging to Stephen and Thomas Raffaelli," and points of error four and five contend that the Holly Ridge and Post Office properties were not subject to division by the panel. These points raise the issue of whether the arbitrators exceeded their power. Consequently, we only have jurisdiction to vacate the award on the grounds raised in points of error two, four, and five.

The statutory grounds for modifying an arbitration award are as follows: (1) it contains an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award; (2) the arbitrators awarded on a matter not submitted to them, and the award may be corrected without affecting the merits; or (3) there is an error in form, not affecting the merits.[3]

Point of error two contends generally that the arbitration panel exceeded its authority by exercising jurisdiction over property not belonging to the parties. Points of error four and five contend that the panel exceeded its powers by awarding the Holly Ridge and Post Office properties. Again, no other point of error raises any ground falling under this statute. Consequently, we only have jurisdiction to modify the judgment based on the grounds raised in points of error two, four, and five.

Stephen and Virginia Raffaelli cite no controlling authority to support this Court's jurisdiction over their other claims, nor do we find any other than the statutes we have cited. Under the authorities discussed above, we hold that we only have jurisdiction to modify or vacate the judgment on the grounds presented in points of error two, four, and five.

■ The general rule is that, on matters submitted to arbitrators, we give their award

---

1. *J.J. Gregory Gourmet Servs. v. Antone's Import Co.*, 927 S.W.2d 31, 33 (Tex.App.-Houston [1st Dist.] 1995, no writ); *Powell v. Gulf Coast Carriers*, 872 S.W.2d 22, 23 (Tex.App.-Houston [14th Dist.] 1994, no writ).

2. TEX. CIV. PRAC. & REM.CODE ANN. § 171.014 (Vernon Supp.1997).

3. TEX. CIV. PRAC. & REM.CODE ANN. § 171.015 (Vernon Supp.1997).

"the same effect as the judgment of a court of last resort."[4] Here we are reviewing the arbitrator's award that was adopted by the trial court in its judgment. We indulge all reasonable presumptions "in favor of the award," and none against it.[5]

■ Parties' agreement that an arbitration award will be nonappealable is valid and enforceable.[6] If parties waived the right to appeal, the appellee is entitled to have the appeal dismissed.[7]

Despite agreement that an arbitration award will be nonappealable, courts of appeals have reviewed arbitration awards based on common law grounds of fraud, misconduct, or mistake.[8] Other courts of appeals have held that "[a] mere mistake of fact" is insufficient to set aside an arbitration award.[9] Courts that will not set aside an arbitration award based on a mere mistake of fact reason that "[t]he common law grounds to set aside an arbitration award include fraud, misconduct, or gross mistake that implies bad faith and failure to exercise honest judgment."[10]

■ The record shows no allegation or evidence of fraud or misconduct; therefore, we review the record to determine if there has been a mistake. We are not permitted to consider the statement of facts from the hearing during which the agreed order was dictated because it was not timely filed. *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982).

Therefore, we must rely on the agreement of the parties, which was reduced to writing, signed by the judge, signed by both parties to litigation, and approved as to form by their attorneys.

The written agreement set forth the list for management purposes. The order setting out the agreement states:

IT IS ORDERED that an arbitration panel shall hear *all claims* of any nature, whether based in law and equity, between STEPHEN A. RAFFAELLI and THOMAS M. RAFFAELLI, and make an award to each of rights, interest, and ownership in any remaining properties or interests of the partner which properties and interests are the subject matter of and listed in the pleadings in the above suit.

The order further states that

It is the intent and purpose of this Order and the agreement of the parties that the arbitration panel's award shall fully and finally settle all rights and claims, whether based in law or equity, between STEPHEN A. RAFFAELLI and THOMAS M. RAFFAELLI.

This order adopting the agreement does not exclude any property from arbitration. It, in effect, merges all of the oral statements made at trial pertaining to this agreement into a written document, and the parties are bound by this document under Rule 11 of the Texas Rules of Civil Procedure and by basic contract law, as well as being an order of the court. It refers to a division of the property of the subject matter listed in the pleading. The original petition seeks dissolution and accounting and division of property of the oral partnership between Thomas and Stephen Raffaelli, "including, but not limited to" ten named partnerships, which included Raffaelli Investments.

■ Point of error five contends that the court erred in affirming the award because the panel awarded the Post Office property that clearly was partnership property. As previously stated, the original petition sought dissolution and division of the property including but not limited to the ten named partnerships. Therefore, by the point of error, it is admitted that this was a part of the

---

**4.** *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 518 (Tex.App.-Houston [1st Dist.] 1994, writ denied).

**5.** *City of Baytown*, 886 S.W.2d at 518; *Riha v. Smulcher*, 843 S.W.2d 289, 292 (Tex.App.-Houston [14th Dist.] 1992, writ denied).

**6.** *Aguilar v. Abraham*, 588 S.W.2d 599 (Tex.Civ. App.-El Paso 1979, writ ref'd n.r.e.).

**7.** *Id.*

**8.** *Brown v. Eubank*, 443 S.W.2d 386 (Tex.Civ. App.-Dallas 1969, no writ); *Grissom v. Greener & Sumner Constr.*, 676 S.W.2d 709 (Tex.App.-El Paso 1984, writ ref'd n.r.e.).

**9.** *J.J. Gregory*, 927 S.W.2d at 33; *Riha*, 843 S.W.2d at 292.

**10.** *J.J. Gregory*, 927 S.W.2d at 33; *Riha*, 843 S.W.2d at 292.

partnership property, and therefore was subject to division by the arbitration panel. Point of error five is overruled.

■ Stephen and Virginia Raffaelli point to no place in the transcript to support their contention that the Holly Ridge property belonged only to Stephen Raffaelli and was not the subject of the original suit, nor do we find any such support. The standard that we are required to apply in an arbitration case is to indulge all reasonable presumptions in favor of the award and not against it. Therefore, without a showing that this property was not part of one of the partnerships, we cannot find that the arbitration panel made a mistake in this regard. Point of error four is overruled.

Based on the transcript before us, we cannot determine that the panel exceeded its powers or awarded on a matter not submitted to them. If property of entities not parties to a suit was purportedly awarded to one of the parties, that award would not be binding on those third parties. Point of error two is overruled.

The judgment of the trial court is affirmed.