**TEXAS STATE OPTICAL, Appellant,**

**v.**

**Hazel Dean CAYLOR et vir, Appellees.**

**No. 6725.**

Court of Civil Appeals of Texas.

Beaumont.

Jan. 28, 1965.

Rehearing Denied Feb. 24, 1965.

See also Tex.Civ.App., 351 S.W.2d 646.

Keith, Mehaffy & Weber, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellees.

STEPHENSON, Justice.

This is a suit for damages for breach of contract. Trial was by jury and judgment was rendered for plaintiff. The parties will be referred to here as they were in the trial court.

The following document was admitted in evidence.

"Victoria, Texas
Nov. 8, 1955

"It is hereby agreed that Dr's J. S. and N. Jay Rogers will purchase the Kent Optical Co. and its contents (excepting typewriter & personal items of Dr. Roy Baker) for the sum of Ten Thousand, two hundred and twenty one Dollars ($10,221.00).

"Drs S. J. & N. Jay Rogers agree to employ Dr. Roy Baker as an Optometrist in one of the Dallas offices of the Texas State Optical Co. Dr. Baker is to receive a starting salary of ($8,000.00) per year, plus some bonus, an agreement to be written up within the next five days to cover the same in detail.

"Lease arrangements on Kent Optical's location to be worked out to both parties satisfaction.

(s) Dr. S. J. Rogers                (s) Roy L. Baker."

———◆———

November 21, 1955, Dr. Roy Baker was killed in an automobile accident. Dr. Baker had not gone to work for Texas State Optical and Texas State Optical had not paid any part of the $10,221.00 for the Kent Optical Company. Plaintiff, mother of Dr. Baker, brought this suit individually and as Administrator of the Estate of Roy L. Baker, deceased, for the purchase price set forth in the above document. Defendants, Dr. S. J. Rogers and Dr. N. J. Rogers, doing business as Texas State Optical, alleged in their answer that no contract was ever consummated, and that the primary consideration for such a contract was the personal service to be rendered by

Dr. Baker. The only issue submitted to the jury was as follows:

### "SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that by the first paragraph of the instrument dated November 8, 1955, Dr. Roy Baker intended to sell and Drs. S. J. and N. J. Rogers intended to purchase for $10,221.00 the Kent Optical Company and its contents (excepting typewriter and personal items of Dr. Roy Baker), irrespective of whether or not Dr. Roy Baker went to work for Dr. S. J. Rogers and Dr. N. J. Rogers in one of the Dallas offices of Texas State Optical Company?

"Answer YES or NO.

"ANSWER: YES."

■ Defendants contend that there was no evidence to support the finding of the jury. This is a question of law to be determined by considering only the evidence favorable to such finding and disregarding all other evidence.

The evidence shows: That the instrument set out above dated November 8, 1955, was drawn by defendant, Dr. S. J. Rogers, in his own handwriting. That Dr. Rogers at the time such instrument was signed had made a list of the equipment located in the Kent Optical Company, also listing the value of each item and that the total of such values was $10,221.00. November 14, 1955, that J. Price, area supervisor for Texas State Optical Company, went into possession of the premises of Kent Optical Company and took a detailed inventory, delivered merchandise, collected money on accounts and with cards sent patients to the office of Texas State Optical Company office also located in Victoria. The keys to the Kent Optical Company were turned over to J. Price. Such possession continued until after the death of Dr. Baker. That Mrs. Jennie Elliot testified she had been an employee at Kent Optical Company and was present while Dr. S. J.

Rogers and Dr. Baker were discussing the transaction and it was agreed that Dr. Baker was going to open an office in Marfa and if that business failed he could then have a job with Texas State Optical Company. That Dr. Baker would be employed by Texas State Optical Company only if he desired employment. Dr. S. J. Rogers also testified by deposition that Dr. Baker wanted to get out of Victoria and wanted something to assure him he would have a position with Texas State Optical Company. All of this evidence supported the finding of the jury, and the point is overruled.

■ Defendants also contend that there was insufficient evidence to support such finding, and that such finding was against the great weight and preponderance of the evidence. We have considered all of the evidence in passing upon these points. Dr. S. J. Rogers testified: That Texas State Optical Company needed an optometrist, and the only reason for the agreement was to employ Dr. Baker. That Texas State Optical Company had one office in Victoria and did not need another. That $10,221.00 was the actual cost of the equipment, and it could have been bought new by Texas State Optical Company at a price 45% less. That the reason for paying Dr. Baker $10,221.00 was so he could pay off his debts, and Texas State Optical Company by paying Dr. Baker only $8,000.00 per year would recover this additional amount paid on the purchase price. That a contract of employment was being prepared at the time of Dr. Baker's death. This evidence, when considered along with the other evidence, did no more than raise an issue for the jury to decide, which it did favorably to plaintiff. The finding of the jury was not so against the great weight and preponderance of the evidence as to be clearly wrong or manifestly unjust. The points are overruled.

■ Defendants requested the trial court to submit the following issue:

"Do you find from a preponderance of the evidence that the promise of

Texas State Optical to purchase the equipment of Dr. Baker was bargained for and given in exchange primarily for Dr. Baker's promise to work as an optometrist in a Dallas office of Texas State Optical?"

It was not error to refuse the submission of this issue because such issue assumed a disputed fact. It assumed that Dr. Baker had promised to work as an optometrist in a Dallas office of Texas State Optical. The evidence set forth in this opinion shows that this was a hotly contested issue. The point is overruled. Rule 279, Texas Rules of Civil Procedure.

In their last point, defendants contend under the evidence as a matter of law there was no meeting of the minds and therefore no contract. It is argued that the instrument of November 8, 1955, shows on its face that the parties had not agreed upon the amount of a bonus and that an agreement as to employment would be written up within the next five days to cover the same in detail. If this suit had been brought to enforce the terms of an employment contract, then this would have been a valid argument. However, the jury found, with support in the evidence, that the parties intended to enter into a contract to sell and purchase the Kent Optical Company irrespective of the employment contract. This finding by the jury supports the action of the trial court in entering a judgment against defendants for failure to carry out their agreement of purchase, as a separate and divisible contract. Defendants also argue that an agreement would not be concluded between the parties until lease arrangements on Kent Optical's location had been worked out to the satisfaction of the parties. Plaintiffs had alleged both waiver and estoppel in reference to this point. The undisputed evidence shows that defendants took possession of the premises and exercised dominion and control of Kent Optical Company and its contents to the exclusion of Dr. Roy Baker and everyone else. Such action constituted

a waiver, as a matter of law, of the provision as to satisfactory arrangements of a lease agreement. Jordan Drilling Co. v. Starr, Tex.Civ.App., 232 S.W.2d 149. Defendants retained possession of Kent Optical Company and its contents until after the death of Dr. Roy Baker. Defendants then repudiated any obligation under the agreement of November 8, 1955. By such repudiation defendants are estopped to deny that satisfactory arrangements as to a lease agreement had not been made. Also, in reference to this point, for defendants' position to be tenable, the making of satisfactory lease arrangements would have to be a "condition precedent" to the conclusion of the purchase agreement. The instrument itself contains no language to create either a condition precedent or a condition subsequent. The language is "lease arrangements on Kent Optical's location to be worked out to both parties' satisfaction". Defendants insist that this is part of an indivisible contract. The jury found that the contract was divisible as to the purchase agreement and the employment agreement. Divisibility of a contract of this nature is ordinarily determined by the divisibility of its subject matter. It is clear from the language of the letter agreement of November 8, 1955, the parties were dealing with three distinct and separate matters. This court considers each of the three to be divisible and not dependent upon the others or any one of the others. The provision that lease arrangements were to be worked out to both parties' satisfaction was unenforceable since it was a contract to be made in the future and was not specific as to all essential terms. With essential parts of the lease arrangements left to future negotiations, this part was void. Foster v. Wagner, Tex.Civ.App. (1961) 343 S.W.2d 914 (err. refused n. r. e.) and cases cited therein; Stekoll Petroleum Co. v. Hamilton, 152 Tex. 182 (1953), 255 S.W.2d 187, and cases cited therein on p. 192. Considering the finding of the jury, the letter contract of November 8, 1955, and all the evidence, the minds of the parties did meet

as to the first part of the letter contract of November 8, 1955. This is the separate contract upon which plaintiff sued, to-wit: to recover the purchase price of $10,221.00, etc. Defendants' point of error that "The trial court erred in overruling appellant's motion for judgment non obstante veredicto because the evidence showed conclusively that there was never a meeting of the minds of the parties as to all of the essential terms of the proposed contract to be entered into" is overruled.

Affirmed.