In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-171 CV


____________________



ORANGEFIELD INDEPENDENT SCHOOL DISTRICT, Appellant



V.



CALLAHAN & ASSOCIATES, ARCHITECTS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-950,221-AC






MEMORANDUM TO CLERK



 You are directed to make the following correction in the opinion dated July 26,
2001:

 On page 2, at the end of the first line, delete "390]". 

 You will give notice of the correction of the original opinion by sending a copy of
corrected page 2, accompanied by this memorandum, to all interested parties who received
a copy of the original opinion. 

 Entered this the 27th day of March, 2003.

 PER CURIAM

In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-171 CV


____________________



ORANGEFIELD INDEPENDENT SCHOOL DISTRICT, Appellant



V.



CALLAHAN & ASSOCIATES, ARCHITECTS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-950,221-AC






MEMORANDUM TO CLERK



 According to Tex. R. App. P. 47.3(d), you are directed to release the opinion dated
July 26, 2001, for publication.

 You will give notice of this memorandum to all interested parties who received a
copy of the original opinion.

 Entered this the 29th day of January 2003.

 PER CURIAM

In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-171 CV


____________________



ORANGEFIELD INDEPENDENT SCHOOL DISTRICT, Appellant



V.



CALLAHAN & ASSOCIATES, ARCHITECTS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-950,221-AC






O P I N I O N


 Orangefield Independent School District ("OISD") appeals a final judgment in favor
of Callahan & Associates ("Callahan"), its architect for a school addition. Originally,
OISD filed suit against its general contractor, Cleveland Building Systems, Inc., Callahan,
and other parties. (1) The original cause was stayed to allow contractually-required
arbitration between Callahan and OISD. The arbitrator entered an award favorable to
Callahan. OISD then filed an application to vacate or modify the award and Callahan
applied for entry of judgment on the award. After the trial court severed the award matter
from the underlying suit, both parties filed motions for summary judgment. Without
specifying the grounds, the trial court granted Callahan's motion, denied OISD's, and
entered judgment against OISD for $99,975.32, plus post-judgment interest and costs of
court. 

 On appeal, OISD brings six issues. In issues one and two, OISD complains that the
trial court erred, as a matter of law, in granting Callahan's motion for summary judgment
and denying OISD's because OISD established statutory and non-statutory grounds
warranting vacutur or modification of the arbitrator's award. In issue three, OISD
maintains the arbitrator exceeded her statutory authority and violated public policy in
awarding Callahan additional architectural fees, prejudgment interest and attorneys' fees
because such a payment would violate Art. III, sections 44 and 53 of the Texas
Constitution. In issue four, OISD contends the arbitrator exceeded her statutory authority
and violated public policy by failing to enforce the parties' memorandum of understanding,
which is asserted by OISD to preclude an award to Callahan of additional architectural
fees, expenses, prejudgment interest and attorneys' fees. In issues five and six, OISD
contends the arbitrator made an evident mistake and/or violated the common law by failing
to award OISD damages for replacement of the school's driveway, as well as its associated
costs and attorneys' fees when the arbitrator found Callahan at fault with regard to the
driveway failure as there was sufficient uncontroverted evidence in the record, according
to OISD, to establish the replacement cost.

 Callahan's motion for summary judgment asked the trial court to: (1) deny OISD's
application for vacating or modifying the arbitration award and (2) confirm the award and
enter judgment in Callahan's favor. As the sole ground for its summary judgment,
Callahan asserted there was no evidence to support OISD's application for vacating or
modifying the award, pursuant to Tex. R. Civ. P. 166a(i). Callahan further alleged OISD
had failed to come forward with supporting evidence as it was required to under Rule
166a(i). 

 As this appeal is from a grant of summary judgment that was sought to confirm an
arbitration award, we apply not just the standards of review for arbitrations, but those for
summary judgments as well. See Teleometrics Int'l, Inc. v. Hall, 922 S.W.2d 189, 193
(Tex. App.--Houston [1st Dist.] 1995, writ denied) (distinguishing standard of review in
cases when appeal is from grant of summary judgment from that when appeal is from
judgment confirming award). Or more precisely, here our review is "filtered through" the
"no evidence" summary judgment standard of Rule 166a(i). Cf. Brozo v. Shearson
Lehman Hutton, Inc., 865 S.W.2d 509, 511 (Tex. App.--Corpus Christi 1993, no writ) (In
reviewing an arbitration award confirmed through grant of a traditional summary
judgment, the appellate court observed the situation's irony: "Our task, then, is to
construe all evidence, reasonable inferences, and doubt against the judgment of the trial
court, which had construed every reasonable presumption in favor of the arbitration
award."). Under the "no evidence" standard, we must review the evidence in the light
most favorable to the non-movants, disregarding all contrary evidence and inferences; the
summary judgment is improperly granted if the non-movants counter with more than a
scintilla of probative evidence to raise a genuine issue of material fact. Bailey v. Gulf
States Utilities Co., 27 S.W.3d 713, 715 (Tex. App.--Beaumont 2000, pet. denied); Tex.
R. Civ. P. 166a(i). More than a scintilla of evidence exists when the evidence rises to a
level that would enable reasonable and fair-minded people to differ in their conclusions. 
See Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).

 Callahan stresses correctly that arbitration awards are favored and every
presumption must be indulged in favor of upholding an award. (2) However, in a summary
judgment proceeding, "such rules must yield to the degree they conflict with the
presumptions in favor of a non-movant." Tuco Inc. v. Burlington Northern R.R. Co., 912
S.W.2d 311 (Tex. App.--Amarillo 1995), aff'd as modified, 960 S.W.2d 629 (Tex. 1997). 
So, in deciding whether Callahan's motion for summary judgment was granted properly,
we must determine whether OISD, pursuant to Rule 166a(i), countered Callahan's motion
with more than a scintilla of probative evidence to raise a genuine issue of material fact
regarding at least one of the grounds OISD asserted in its application to vacate or modify
the award. 

 We first consider the driveway failure as argued in issues five and six. The
arbitrator determined that while both Callahan and the contractor were at fault with regard
to the driveway failure, there was no evidence of the cost to replace the asphalt driveway. 
In its application to vacate, modify or correct, as well as its motion for summary judgment,
OISD asserted the arbitrator made an evident mistake and violated the common law by
failing to award OISD damages for the driveway's replacement, along with its associated
costs and attorneys' fees because there was sufficient evidence of replacement cost. 

 In regard to the driveway, the arbitrator stated: 


 Callahan's specifications [for the asphalt driveway] did require testing
of the base and subbase for proper content and compaction. The testing was
apparently not conducted. While the owner/architect contract does not
require the architect to make exhaustive or continuous inspections to check
the quality of the contractor's work nor is the architect responsible for the
contractor's means and methods, the specifications did require testing. 
Callahan failed to verify that the testing was performed and that the test
results complied with its specifications. While Callahan and the contractor
were both at fault with regard to the driveway failure, there was no evidence
with regard to the cost to replace the asphalt driveway. 


 The summary judgment evidence before the trial court included portions of architect
Stan Cromartie's arbitration testimony, as well as that of Mike Gentry, OISD's assistant
superintendent for finance and support services. Cromartie stated concrete was used to fix
the failed driveway because of a desire to solve the problem. Concrete, which had been
the original recommendation in a geotechnical report done on the site, was a "much better
performing material than asphalt" and would require less maintenance. He further testified
that $49,400 was the bid for replacing the driveway, while $4,603.05 was the cost of
designing and providing construction services for the concrete driveway's installation. 
Gentry testified that the concrete replacement driveway cost was $49,400, with additional
sums of $4,025 and $1,391 being spent for pavement designs and testing, respectively.
Gentry was not aware that OISD ever had any estimates prepared to determine the
driveway's replacement cost using asphalt rather than concrete. In addition, OISD never
had estimates prepared to determine what the cost of repairing, rather than replacing, the
driveway would be. 

 We find OISD's evidence regarding the driveway's replacement cost, pursuant to
Rule 166a(i), is more than a scintilla of probative evidence that raises a genuine issue of
material fact regarding whether the arbitrator, having found Callahan at fault for the
driveway's failure, made an evident mistake or violated the common law by failing to
award OISD damages for the driveway's replacement, along with its associated costs and
attorneys' fees and by including in the award any additional fees to Callahan attributable
to the driveway. Thus, we remand this cause for the trial court's consideration of whether
the arbitrator made an evident mistake or violated the common law by failing to award
OISD damages for the driveway's replacement, along with its associated costs and
attorneys' fees, and by including in the award any additional fees to Callahan attributable
to the driveway, and affirm issues five and six to this extent only. We make no
determination of OISD's evidence other than it is more than a scintilla. See Merrell Dow
Pharmaceuticals, Inc., 953 S.W.2d at 711; Tex. R. Civ. P. 166a(i).

 In issue three, OISD maintains the arbitrator exceeded her statutory authority and
violated public policy in awarding Callahan additional architectural fees, prejudgment
interest and attorneys' fees because such a payment would violate Art. III, sections 44 and
53 of the Texas Constitution. OISD does not show where this issue was raised before the
arbitrator. OISD was required to raise it at arbitration to avoid waiver. See Babcock &
Wilcox Co. v. PMAC, Ltd., 863 S.W.2d 225, 232 (Tex. App.--Houston [14th Dist.] 1993,
writ denied)(quoting, with approval, Marino v. Writers Guild of Am., East, Inc., 992 F.2d
1480, 1484 (9th Cir.1993) in which the Ninth Circuit stated: "a party may not sit idle
through an arbitration procedure and then collaterally attack that procedure on grounds not
raised before the arbitrator when the result turns out to be adverse. This rule extends even
to questions such as arbitrator bias, that go to the very heart of arbital fairness." (citation
omitted)). Issue three is overruled.

 In issue four, OISD contends the arbitrator exceeded her statutory authority and
violated public policy by failing to enforce the parties' memorandum of understanding,
which is asserted by OISD to preclude an award to Callahan of additional architectural
fees, expenses, prejudgment interest and attorneys' fees. The memorandum's stated
purpose was to resolve all issues and establish a procedure for bringing the construction
project to closure. Pursuant to that end, Callahan agreed not to submit any additional fees
and expenses to OISD "beyond those already paid, or those agreed upon but unpaid." The
arbitrator considered the memorandum to be in the nature of a settlement agreement that
was not effectuated by the parties. As she explained:

 Callahan performed extra services pursuant to the contractual
provisions of Callahan's contract with OISD. There was no dispute that
Callahan performed the services and earned the fees reflected in the basic
services and extra services provisions of the owner/architect contract. The
District's defense was that the Memorandum of Understanding constituted
an agreement by Callahan to waive his fees for the extra services. The
Memorandum of Understanding was in the nature of a settlement agreement
to bring closure to the project and settle all issues between the parties. The
parties did not effectuate the settlement agreement. The project was not
closed. The contractor did not complete the work, the District did not
forego its claims against Callahan, and Callahan did not waive its fees
against OISD. 


 OISD argues that the arbitrator lacked the authority to abrogate or nullify a binding
agreement between the parties to the arbitration and that her action in doing so constitutes
a violation of public policy. Essentially, OISD disagrees with the arbitrator's
interpretation of the memorandum of understanding but offers no evidence or authority to
counter the arbitrator's conclusion that the memorandum was in the nature of a settlement
agreement that was not effectuated by the parties. OISD cites two cases in its argument
under issue four, Foster v. Wagner, 343 S.W.2d 914, 917 (Tex. Civ. App.--El Paso 1961,
writ ref'd n.r.e.), and Mobil Oil Corp. v. Waste Systems, Inc., 703 S.W.2d 386, 389 (Tex.
App.--Beaumont 1986, writ ref'd n.r.e.). Neither is an arbitration case, and neither aid
OISD's argument on issue four, which we overrule.

 In issues one and two, OISD complains that the trial court erred, as a matter of law, 
in granting Callahan's motion for summary judgment and denying OISD's motion because
OISD established statutory and non-statutory grounds warranting vacutur or modification
of the arbitrator's award. In its briefing of issues one and two, OISD neither makes
independent arguments nor cites additional authorities for these issues, but merely refers
us to the arguments and authorities presented in issues three, four, five and six. As we
have already considered those issues and their supporting authorities and arguments, we
need not consider issues one and two.

 Accordingly, we reverse in part the trial court's judgment in favor of Callahan and
remand this cause for the trial court's consideration of whether the arbitrator made an
evident mistake or violated the common law by failing to award OISD damages for the
driveway's replacement, along with its associated costs and attorneys' fees, and by
including in the award any additional fees to Callahan attributable to the driveway.

 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.






 DON BURGESS

 Justice


Submitted on March 8, 2001

Opinion Delivered July 26, 2001

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. Also sued were Conarc, Inc., a corporation affiliated with Cleveland Building
Systems, and Fidelity and Casualty Insurance Co., the performance bond surety. 
2. Because arbitration is favored as a means of dispute resolution both statutorily and
under common law, courts indulge every reasonable presumption in favor of upholding the
award. See City of Baytown v. C.L. Winter, Inc., 886 S.W.2d 515, 518 (Tex.
App.--Houston [1st Dist.] 1994, writ denied); House Grain Co. v. Obst, 659 S.W.2d 903,
905 (Tex. App.--Corpus Christi 1983, writ ref'd n.r.e.). An arbitration award has the
same effect as the judgment of a court of last resort, and a trial court reviewing the award
may not substitute its judgment for the arbiters' merely because it would have reached a
different conclusion. City of Baytown, 886 S.W.2d at 518. Review of an arbitration
award is narrow. It may not be vacated even if there is a mistake of fact or law. Jamison
& Harris v. National Loan Investors, 939 S.W.2d 735, 737 (Tex. App.--Houston [14th
Dist.] 1997, writ denied).