MARY'S OPINION HEADING 



 NO. 12-01-00153-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


AEITHIEA LAISNE,
§
 APPEAL FROM THE 7TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


WOLDERT PARTNERS, LTD.,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 Appellant Aeithiea Laisne ("Laisne") appeals the summary judgment granted to Appellee
Woldert Partners, Ltd. ("Woldert") in a declaratory judgment action for interpretation of a
"combination lease and sales agreement." In two issues, Laisne contends that the trial court erred
in granting Woldert's motion for summary judgment. We affirm.


Summary Judgment Evidence and Procedural Background


 The summary judgment evidence established that Laisne and Woldert entered into a
"combination lease and sales agreement" ("contract") on August 6, 1990. This contract allowed
Laisne to purchase from Woldert the properties at 800 and 802 West Ferguson in Tyler for
$54,500.00, which was to be paid with 12 percent interest. The contract stated that it was a lease for
the first five years of its existence and then became a sales agreement for the remainder of its term
until paid in full. The contract further provided that when the entire purchase price was paid,
Woldert would execute and deliver a warranty deed to Laisne, conveying the property free of all liens
and encumbrances. (1) Laisne immediately began paying Woldert $600.00 per month. 

 The three-page contract contained a number of terms including two paragraphs numbered
five and six on its last page which stated:



 Buyer shall continue to be responsible for keeping the premises and improvements in good
order and repair including all heating and cooling systems, electrical and plumbing
equipment, roof and all other structural repairs.

 If Buyer fails to pay any installment due on the purchase money obligation when it is due or
if she defaults under any other agreement herein contained, Seller may cancel this Sales
Agreement and retain all payments as rent and liquidated damages, or Seller may specifically
enforce this agreement.




On February 18, 2000, a building inspector with the Neighborhood Services Department of the City
of Tyler sent Woldert a letter which stated:


 A complaint was filed concerning one of your properties at 802 Ferguson. Upon visual inspection,
I determined the roof, fascia, and cornice to be in severe need of repair. I did not red tag the property
until I contacted you. The structure appears to be unoccupied and is in immediate need of repair. I
will monitor the property for the next sixty (60) days. If no Improvements appear, we will be forced
to red tag the structure for condemnation.



On May 2, 2000, Woldert notified Laisne by letter that she was in default under the contract. The
letter also stated that the contract would be terminated unless she brought the house at 802 West
Ferguson up to the standards required by the city building codes and obtained the appropriate
certificate of compliance from the City of Tyler within sixty days. The letter from Woldert to Laisne
complied with Texas Property Code Section 5.063, which requires written notice of default, delivery
by registered or certified mail, return receipt requested, and inclusion of a boldface notice of default
on a separate page. Tex. Prop. Code Ann. § 5.063 (Vernon Supp. 2002). Laisne failed to cure the
default, and on July 17, 2000, Woldert sent Laisne a letter declaring the contract terminated.

 On August 10, 2000, Laisne filed an action for a declaratory judgment that paragraph five
of the contract as stated above did not give rise to an action for repossession of the property by
Woldert and that paragraph six as stated above was void because of public policy and was
unconscionable. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (Vernon 1997). In the action
for declaratory judgment, Laisne also sought reformation of the contract to comport with her
"original belief" that there was no lease but instead a contract for sale for a price of $54,500.00,
payable over twelve years with an interest rate of 12 percent commencing on August 9, 1990.

 Woldert counter-claimed seeking a declaratory judgment that Laisne was in default under the
terms of the contract for failing to keep the property in good order and repair and that she had
defaulted by failing to bring the property up to the standards required by city building codes within
sixty days of the May 2, 2000 letter. Woldert also sought to have the court determine that he had a
right of possession to the premises covered by the contract.

 On February 16, 2001, Woldert filed a motion for summary judgment and attached
documentation that showed the real property covered by the contract was in violation of city building
codes, that Laisne had failed to bring the real property and improvements into compliance with the
codes, and that the contract had been canceled under its terms. Further summary judgment evidence
showed that on February 6, 2001, the City of Tyler had threatened to condemn the house located on
the property because it did not conform to the standards required by the city building codes. Laisne
filed a response to Woldert's motion for summary judgment and the relevant portion of her affidavit
stated:


 I am the individual purchasing property known as 802 West Ferguson and 800 West
Ferguson, Tyler, Texas. As to said property, I entered into an agreement to purchase said properties
on or about August 6, 1990. At the time of purchase I believed and understood that the agreement was
for a twelve-year (12) purchase of said property based on 12% interest. This understanding was based
on my initial discussion with Dan C. Woldert placed on a card given to me prior to entering the
purchase agreement wherein the purchase price for the property was to be $54,500.00 total, with a
down payment of $5,400.00, with the balance to be paid over 12 years at about $575.00 (see copy
attached). The terms of the alleged Combination Lease and Sales Agreement in this matter which
purports to bear my signature did not come to my attention until mid-2000 when Mr. Woldert began
actions in an attempt to take my property. I at no time intended to enter a so-call Combination Lease
and Sales Agreement and any such agreement was fraudulently obtained if indeed the alleged signature
is my signature. Since August 1999 [sic], I had timely paid the $600.00 per month for both properties
until Dan C. Woldert refused to take payments.

 As to the property condition, said condition has existed for years and was known to Dan C.
Woldert. I have acted in good faith as to the purchase of the property for all points from August 1990
to the present and I am prepared to fulfill my obligation in keeping with the tenor of the original
agreement with Dan C. Woldert to purchase said property in monthly payments for 12 years dating
from August 6, 1990.



 Woldert objected to Laisne's affidavit and contended that her attempts to include evidence
of prior negotiations violated the Parol Evidence Rule. Woldert showed that the contract itself stated
that "this document contains the entire agreement of the parties, and all negotiations and agreements
are merged into this agreement." In response to Woldert's objection, Laisne filed a portion of the
deposition of Dan C. Woldert where he stated that all of Laisne's payments paid since August 1990
had been applied to principal and interest and that the contract had been treated as a mortgage
throughout rather than a lease.

 The trial court granted summary judgment in favor of Woldert. Among its findings, the trial
court determined that Laisne defaulted under the terms of the contract by failing to keep the property
in good order and repair. It further determined that Woldert had a right to take possession of the
premises covered by the contract. Laisne timely filed this appeal.


Standard of Review


 All orders, judgments and decrees in declaratory judgment proceedings are reviewed in the
same manner as other orders, judgments and decrees. Tex. Civ. Prac. & Rem. Code Ann. § 37.010
(Vernon 1997); FDIC v. Projects Am. Corp., 828 S.W.2d 771, 772 (Tex. App.-Texarkana 1992,
writ denied). To prevail on summary judgment, the movant must show there are no genuine issues
of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P.
166(a)(c); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222, (Tex. 1999). In deciding whether
there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985). Every reasonable inference must be indulged in favor of the nonmovant and any doubts
resolved in its favor. Id. at 549. However, once a party produces sufficient evidence to establish its
right to a summary judgment, the burden shifts to the nonmovant to produce controverting evidence
raising a fact issue. See Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989).



Discussion and Analysis


 In her first issue, Laisne contends that the trial court erred in granting a final summary
judgment because fact issues remain in the case. In her second issue, Laisne contends that the trial
court erred in sustaining Woldert's parol evidence objection to Laisne's affidavit which constituted
her only summary judgment evidence. Because these two issues are intertwined, we will consider
them together.

 A contract is a promise or set of promises, for the breach of which the law gives a remedy,
or the performance of which the law recognizes as a duty. Foster v. Wagner, 343 S.W.2d 914, 917
(Tex. Civ. App.-El Paso 1961, writ ref'd n.r.e.). The law regarding enforcement of contracts is well
established in Texas. A cause of action for breach of contract consists of the contract itself, which
is the primary right, and its breach by an act or omission. Cadle Co. v. Castle, 913 S.W.2d 627, 630
(Tex. App.-Dallas 1995, writ denied). Whether a party has breached a contract is a question of law
for the judge. Lafarge Corp. v. Wolff, Inc., 977 S.W.2d 181, 186 (Tex. App.-Austin 1998, writ
denied). Where the evidence is undisputed regarding a person's conduct under a contract, the judge
alone must determine whether it shows performance or breach of his contract obligation. Id.

 In the case before us, Woldert's summary judgment evidence showed that the real property
covered by the contract violated city building codes, that Laisne failed to bring the property into
compliance with the codes, and that the contract had been terminated by its terms. Woldert's
evidence was sufficient to establish its right to summary judgment, and the burden then shifted to
Laisne to produce evidence that controverted at least one element set forth in Woldert's motion.
However, Laisne did not controvert any of Woldert's evidence in her affidavit; nor did she bring
forth any summary judgment evidence brought that would create a fact issue regarding paragraphs
five or six of the contract.

 In her affidavit opposing Woldert's motion for summary judgment, Laisne did attempt to
raise a defensive issue, however, and states that the financial terms of the contract differed from her
understanding of the agreed upon terms based on her initial discussion with Dan C. Woldert. She
contends that Woldert changed the terms of the contract by combining it as both a lease and sales
agreement rather than as a pure sale. She further states in her affidavit that this change did not come
to her attention until the middle of the year 2000, approximately ten years after she signed the
contract.

 To defeat Woldert's motion for summary judgment, Laisne was required to create a fact issue
as to at least one element necessary to Woldert's recovery. By complaining about terms in the
contract, (i.e., financial) which did not relate to the term which Woldert was alleging had been
breached (i.e., failure to repair the roof), Laisne failed to controvert Woldert's summary judgment
evidence and was therefore unable to defeat his motion for summary judgment.

 Woldert contends that Laisne's attempt to raise an issue as to the reforming of a financial
term in the contract is barred by the four-year statute of limitations. We agree. The four-year statute
of limitations applies to any claim for reformation Laisne would have had because she was charged
with knowledge of what the contract specifically said in August 1990. See Barfield v. Holland, 844
S.W.2d 759, 769 (Tex. App.-Tyler 1992, writ denied); see also Stowe v. Head, 728 S.W.2d 120, 126
(Tex. App.-Tyler 1987, no writ). In the instant case, the heading on page one of the three-page
contract entitled it as a "Combination Lease and Sales Agreement." On page one, "PART I -
LEASE AGREEMENT" is in all capital letters. On page two, "PART II - SALES AGREEMENT"
is also in all capital letters. Parties are bound by the objective intent of the documents they sign. 
Gasmark Ltd. v. Kimball Energy Corp., 868 S.W.2d 925, 926 (Tex. App.-Fort Worth 1994, no
writ). Further, the summary judgment evidence showed that Woldert was treating the contract as
a pure purchase and crediting Laisne's payment to principal and interest as if she was paying a
mortgage. Lainse thus failed to raise any controverting evidence which created a fact issue regarding
either the contract's terms or its validity.

 Finally, Laisne contends that the trial court erred in sustaining Woldert's objection that her
affidavit violated the Parol Evidence Rule. The Parol Evidence Rule is a rule of substantive law
which provides that in the absence of fraud, accident, or mistake, extrinsic evidence is not admissible
to vary, add to, or contradict the terms of a written instrument that is facially complete and
unambiguous. Pitman v. Lightfoot, 937 S.W.2d 496, 515 (Tex. App.-San Antonio 1996, writ
denied). Absent pleading and proof of ambiguity, fraud, accident or mistake, a written instrument
presumes that all prior agreements of the parties relating to the transaction have been merged into
the written instrument. Wilkins v. Bain, 615 S.W.2d 314, 315 (Tex. Civ. App.-Dallas 1981, no
writ). Here, there were no pleadings on file which alleged ambiguity, fraud, accident or mistake. 
Therefore, the trial court properly sustained Woldert's objection that Laisne's summary judgment
evidence on the negotiations leading up to the signing of the contract on August 6, 1990, violated
the Parol Evidence Rule.


CONCLUSION


 Based on the foregoing, we hold that Woldert established his right to a declaratory judgment
that the contract had terminated due to Laisne's breach. Accordingly, Laisne's issues one and two
are overruled and the judgment of the trial court is affirmed.



 JIM WORTHEN 

 Justice



Opinion delivered February 13, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.






















(DO NOT PUBLISH)
1. The contract executed by Laisne and Woldert is of the type that is commonly known as a "contract for
deed." The Texas Property Code prescribes the procedures for giving notice of default under a contract for deed,
specifying a time to cure the default, and terminating the contract if the default is not cured within the time allowed. 
Tex. Prop. Code Ann. §§ 5.063-5.065 (Vernon Supp. 2002).