**Opinion issued May 29, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-14-00038-CV

———————————————

**HILL INTERNATIONAL, INC., Appellant**

**V.**

**RIVERSIDE GENERAL HOSPITAL, INC., Appellee**

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2013-63359

## MEMORANDUM OPINION

In this breach–of–contract case, Hill International, Inc. and Riverside General Hospital, Inc. arbitrated their dispute, pursuant to their contractual agreement to arbitrate. An arbitrator awarded damages to Hill for breach of contract, but denied Hill's claims for pre–judgment interest, attorney's fees, and

costs, and also offset the award with Riverside's contract damages. Hill moved in the trial court to modify or vacate the arbitration award. The trial court denied Hill's request. On appeal, Hill contends that the trial court erred because (1) the arbitrator exceeded his authority by offsetting the damages; and (2) the arbitrator committed a gross mistake in applying contract interpretation law and in failing to award fees and costs. Finding no error, we affirm.

## Background

In January 2009, Hill agreed to provide construction management services for repairs and renovations to Riverside's buildings in exchange for payment from Riverside. The agreement provided: "All claims, disputes, and other matters in question between the Parties to this Agreement arising out of or relating to this Agreement or the breach thereof . . . shall be submitted to binding arbitration." It also stated: "This agreement may be terminated by either party upon thirty (30) days written notice." Riverside did not remit several payments to Hill due under the agreement. On January 25, 2010, Hill notified Riverside that it would terminate the contract. On February 5, 2010, Hill ceased providing services, terminating the contract.

*Course of proceedings*

Hill sued Riverside in federal district court. The federal district court ordered the parties to arbitrate their dispute and dismissed the suit. Hill demanded

arbitration through the American Arbitration Association. The Honorable Dwight Jefferson conducted an arbitration hearing; at its conclusion, he awarded Hill $108,316.21 in damages plus $37,574 in contractual carrying charges for Riverside's breach of contract. He offset this award with $18,693 in damages for Hill's failure to give adequate notice of termination, and $13,725 in damages for Hill's breach of the arbitration provision. He denied Hill's requests for attorney's fees and costs of arbitration.

Hill then applied to state district court to modify or vacate the offsets, and it requested pre–judgment interest, attorney's fees, and costs. Hill included a transcript of the arbitration hearing and attached the arbitrator's award to its motion. After conducting an oral hearing, the trial court denied Hill's application.

## Discussion

Hill contends that the trial court erred in refusing to modify the award to delete the offsets and to include pre-judgment interest, attorney's fees, and costs, because it is evident from the record that the arbitrator both exceeded his authority and committed a gross mistake in his decision.

*Standard of review*

We review de novo a trial court's confirmation of an arbitration award. *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Our review of an arbitration decision is "extremely narrow"

3

because Texas law favors arbitration. *Universal Computer Sys., Inc. v. Dealer Solutions, L.L.C.*, 183 S.W.3d 741, 752 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (quoting *IPCO–G.&C. Joint Venture v. A.B. Chance Co.*, 65 S.W.3d 252, 256 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). Judicial review focuses on "the integrity of the process, not the propriety of the result." *Jones v. Brelsford*, 390 S.W.3d 486, 492 (Tex. App.—Houston [1st Dist.] 2012, no pet.). An arbitration award has the same effect as the judgment of a court of last resort, and a reviewing court may not substitute its judgment for that of the arbitrators merely because it would have reached a different result. *J.J. Gregory Gourmet Servs., Inc. v. Antone's Imp. Co.*, 927 S.W.2d 31, 33 (Tex. App.—Houston [1st Dist.] 1995, no writ). Review is so limited that a court may not vacate an arbitration award even if it is based upon a mistake of fact or law. *Universal Computer Sys.*, 183 S.W.3d at 752.

*Scope of authority*

Pursuant to the Texas General Arbitration Act, we vacate an arbitration award if an arbitrator exceeds his powers. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A) (West 2011). "[T]he authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication." *Gulf Oil Corp. v. Guidry*, 327 S.W.2d 406, 408 (Tex. 1959), *quoted in City of Pasadena v. Smith*, 292

4

S.W.3d 14, 20 n.41 (Tex. 2009). In determining the scope of an arbitrator's authority, we look to the language of the arbitration agreement. *Royce Homes*, 315 S.W.3d at 86–87; *see also City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 518 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ("In light of the broad arbitration clause in the contract, the arbiters did not exceed their authority."); *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., Inc.*, 164 S.W.3d 438, 444 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("A broad arbitration provision . . . subsumes *any* controversy or claim arising out of or relating to [a party's] services [under the contract].").

The construction contract states: "All claims, disputes, and other matters in question between the Parties to this Agreement arising out of or relating to this Agreement or the breach thereof . . . shall be submitted to binding arbitration." At arbitration, Riverside complained that Hill breached the contract's notice provision. Riverside's claim arises out of and relates to the agreement and thus falls within the arbitrator's authority. *See Royce Homes*, 315 S.W.3d at 86–87; *City of Baytown*, 886 S.W.2d at 518; *Baker Hughes*, 164 S.W.3d at 444.

Hill contends that the Riverside did not submit its counterclaims to the arbitrator via an arbitration demand, and the parties presented no evidence that the early cancellation damaged Riverside; thus, it argues, the arbitrator exceeded his authority in offsetting Hill's damages with Riverside's. Our sister court of appeals,

5

however, rejected a similar argument in *Baker Hughes*. *See* 164 S.W.3d at 444. There, a party complained that an arbitration panel exceeded its authority by deciding a claim that had not been pleaded. *Id.* After examining the broad language of the arbitration provision, the court held that, despite the claim having not been specifically pleaded, the arbitration panel had not exceeded its authority by deciding it. *Id.* Similarly, Riverside's claim arises out of the parties' agreement, and, contrary to Hill's assertions, the arbitrator found that the parties had tried by consent the issue of whether Hill had breached the notice–of–termination provision, necessarily adducing evidence on the matter. Accordingly, the trial court did not err in concluding that the arbitrator's award was authorized by the parties. *See id.* (holding that arbitration panel had authority to decide unpleaded claim); *Universal Computer Sys.*, 183 S.W.3d at 752–53 (deferring to arbitrators' findings).

*Gross mistake*

Hill contends that the trial court should have found a gross mistake in the arbitrator's award because (1) he offset the damages with damages relating to Hill's failure to provide adequate notice of termination and filing lawsuit, contrary to Texas contract interpretation principles; and (2) he failed to award Hill pre–judgment interest, attorney's fees, and costs, authorized under Chapter 38 of the Civil Practice and Remedies Code.

Texas common law allows a reviewing court to set aside an arbitration award "only if the decision is tainted with fraud, misconduct, or gross mistake as would imply bad faith and failure to exercise honest judgment." *Universal Computer Sys.*, 183 S.W.3d at 752 (quoting *IPCO*, 65 S.W.3d at 256) (internal quotation omitted).[1] "Gross mistake results in a decision that is arbitrary or capricious. An honest judgment made after due consideration given to conflicting claims, however erroneous, is not arbitrary or capricious." *Bailey & Williams v. Westfall*, 727 S.W.2d 86, 90 (Tex. App.—Dallas 1987, writ ref'd n.r.e.), *quoted in Universal Computer Sys.*, 183 S.W.3d at 752. The party seeking to vacate an arbitration award must demonstrate the gross mistake. *Universal Computer Sys.*, 183 S.W.3d at 752 (citing *Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 267 (Tex. App.—Houston [14th Dist.] 1995, no writ)).

Hill contends that Riverside's earlier material breach of the contract excused Hill from its obligations under the contract to provide notice of termination and to demand arbitration; thus, the arbitrator erred in offsetting Hill's requested damages with Riverside's damages associated with early termination and defending Hill's federal suit. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004). But it is not our province to determine the proper construction of

---

[1] In light of *Callahan & Associates v. Orangefield Independent School District*, we assume without deciding that Hill may rely on the common law gross–mistake standard in seeking to modify or vacate the arbitration award. 92 S.W.3d 841, 844 (Tex. 2002).

the parties' agreement, nor the damages arising therefrom. *See Universal Computer Sys.*, 183 S.W.3d at 753. Rather, we confine our review to whether the arbitrator's interpretation of the contract constitutes bad faith or a failure to exercise honest judgment. *See id.* Nothing in the record suggests as much, and Hill does not point to anything, other than its disagreement with the arbitrator's method of contract interpretation and application of the law to the facts at hand. Without more, the arbitrator's legal conclusion that Riverside's breach did not excuse Hill from complying with the notice–of–termination and arbitration provisions is not arbitrary or capricious.

The same is true for the arbitrator's denial of interest, fees, and costs. Relying on *Johnson & Higgins of Texas, Inc. v. Kenneco Energy Inc.*, 962 S.W.2d 507 (Tex. 1998), and *Bituminous Casualty Corp. v. Vacuum Tanks Inc.*, 75 F.3d 1048 (5th Cir. 1996), Hill contends that the arbitrator committed a gross mistake by failing to award it pre–judgment interest. But these cases discuss pre–judgment interest on judgments rendered by courts, not on awards rendered by arbitrators. *Johnson & Higgins*, 962 S.W.2d at 531; *Bituminous*, 75 F.3d at 1057. In the context of the Federal Arbitration Act, we have held that a party denied pre–judgment interest in arbitration is not otherwise entitled to it upon confirmation of the arbitration award, neither under the FAA nor any applicable Texas statute. *Thomas Petroleum, Inc. v. Morris*, 355 S.W.3d 94, 99 (Tex. App.—Houston [1st

8

Dist.] 2011, pet. denied); *Fogal v. Stature Constr., Inc.*, 294 S.W.3d 708, 722 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Likewise, the arbitrator's decision to deny any award of attorney's fees under section 38.001 of the Civil Practice and Remedies Code is a determination left to the purview of the arbitrator and not reviewable on appeal absent a showing of bad faith or a failure to exercise honest judgment. *See Providian Bancorp Servs. v. Thomas*, 255 S.W.3d 411, 417 (Tex. App.—El Paso 2008, no pet.). Hill shows no evidence of bad faith by the arbitrator. Accordingly, we hold that that the arbitrator did not commit a gross mistake. *See Universal Computer Sys.*, 183 S.W.3d at 752.

## Conclusion

We hold that the arbitrator neither exceeded his authority nor committed a gross mistake. We therefore affirm the trial court's order.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.